The Texas & Pacific Railway Company v. Sidney Wilson.

No. 62.

1. **Findings of Fact by Court of Civil Appeals — Petition for Writ of Error.**—Where some or all of the conclusions of fact or law made by the trial court are adopted by the Court of Civil Appeals without being incorporated into the opinion, and without being made up as the conclusions of that court, such conclusions, properly certified, should be sent up with the application for writ of error, and in the absence of this the application ought to be dismissed.

2. **Requisites for Application for Writ of Error—Statute—Rules.** When the rules were adopted it was not thought necessary nor advisable to embrace in them the statutes on the same subject; consequently the rule in regard to applications to this court for writs of error (Rule 1) must be considered in connection with article 1011b of Act of April 13, 1892. Laws Spec. Sess. 22d Leg., p. 20.

3. **Same.**—It will be seen that the law requires that the petition of the applicant shall follow an allegation of the names and residences of the opposite party, "with a brief statement of the nature of his case and the ground upon which the writ of error is prayed." No statement of the pleadings or their substance is required, or proper, unless it is made so by reason of some issue upon them being presented to this court for its decision. Otherwise, a mere designation of the nature of the pleading, or the character of the action, is all that is proper in "the statement of the nature of the case."

4. **Same—Jurisdiction.**—Where it does not otherwise appear in the record, the petition should show by appropriate allegations of fact relating to the subject matter of the controversy, or the amount involved, that the case is one over which this court can exercise jurisdiction.

5. **Petition for Writ of Error and Accompanying Transcript.**— The transcript that accompanies the petition will be treated by the court as a part of it, and may be referred to in the petition; what appears in the transcript should not be copied into the petition.

6. **Same.**—The error or errors complained of as ground for writ of error should be distinctly pointed out in the petition. This is essential, and is not remedied by a recital of the motion for rehearing and the action of the court upon it.

Application for Writ of Error to the Court of Civil Appeals, Second District, in an appeal from the District Court of Grayson County.

The judgment below was affirmed, and the Texas & Pacific Railway Company, the appellant, filed application for writ of error.

The application was held deficient in not having in the accompanying transcript a certified copy of the conclusions of fact found by the Court of Civil Appeals. The applicant was given ten days in which to furnish the necessary copy. A perfected transcript was filed within the extension.

The opinion sufficiently shows the application and transcript.

*T. J. Freeman* and *F. C. Dillard*, for application.

STAYTON, Chief Justice.—The law requires application for writs of error to be accompanied by certified copy of conclusions of law and fact filed in the cause by the Court of Civil Appeals; but in this case, except as to one finding, that court adopted the findings of fact made by the trial court.

The only finding found in the transcript accompanying the application is the one made by the Court of Civil Appeals, and thus we are not furnished with such information as is necessary to enable us to know whether the rulings of that court are correct in reference to the matters on which the application is based.

When some or all of the conclusions of fact or law made by the trial court are adopted by a Court of Civil Appeals, without being incorporated in the opinion, and without being made up as the conclusions of that court, such conclusions, properly certified, should be sent up with the application, and in the absence of this the application ought to be dismissed.

The failure in this respect in the application was doubtlessly an inadvertence, and the applicant will be allowed ten days within which to send up a certified copy of the conclusions of law and fact filed by the district judge; and if this be not done the application will be dismissed.

Delivered April 27, 1893.

HENRY, Associate Justice.—The petition for a writ of error contains a very full statement of the pleadings and other proceedings in the lower courts.

A number of objections, made by the applicant in the District Court, are presented in substantially the same form; one of which we copy as an illustration:

"In the lower court the general and special exceptions to plaintiff's petition, above shown, were overruled. Exception was taken in this behalf, and by assignment of error in due form, the court's action was brought before the Court of Civil Appeals, and the assignment of error was held to be not well taken."

This is followed by a statement of the testimony of one witness, and a copious extract from the district judge's finding of fact, by his conclusion of law, and a statement of the objections urged in the Court of Civil Appeals, and of the action of the court, all in form like the last one, which we copy as an illustration:

"By assignment duly made it was claimed that the elements of damages allowed by the lower court were, first, because of the making of the contract, before the cattle were placed in the pens, to have cars ready for their shipment by a certain time; second, because of the defective condition of the pens, by reason of which the cattle escaped; third, on account of delay in reaching the market; and that the uncontroverted evidence showed that the findings of the court on the first and third grounds were wholly unwarranted. These assignments were held not well taken. The determination of all these points was necessary to the decision of the · cause in the Court of Civil Appeals, and they were specifically called to its attention by a motion for a rehearing."

In connection with its petition, the applicant has filed in this court a certified transcript from the Court of Civil Appeals, containing the matters required by rule 1 of Rules for the Supreme Court.

Otherwise than as above stated, no assignment of errors has been attempted to be made in this court, and we feel constrained to hold that there has not been a compliance with the statute and rule upon the subject.

When the rules were adopted, it was not thought to be necessary nor advisable to embody in them the statutes on the same subject; consequently the rule in regard to applications to this court for writs of error must be considered in connection with article 1011b of the Act of April 13, 1892.   Gen. Laws 22d Leg., p. 20.

That article reads as follows:

"Article 1011b.   Any party desiring to sue out a writ of error before the Supreme Court shall present his petition to said court, stating the names and residences of the parties adversely interested, with a brief statement of the nature of his case and the ground upon which the writ of error is prayed; and it must appear that the errors complained of arose upon questions of law, the determination of which were necessary to the decision of the cause in the Court of Civil Appeals, and that said questions were properly presented to said court; and it must further appear that the Supreme Court would have jurisdiction thereof; and the petition shall contain such other requisites as may be prescribed by the Supreme Court.   The petition must be accompanied with a certified copy of the conclusions of law and fact filed in the cause by the Court of Civil Appeals, with the opinion thereof, together with a certified copy of the judgment in the trial court, and of the bond given in the lower court, if any; and if the plaintiff in error has given no bond, then the Supreme Court, in granting the writ, shall specify what bond shall be given, and

the plaintiff in error shall file said bond in the trial court, to be approved by the clerk of said court, and a certified copy thereof shall be at once transmitted to the Supreme Court; and upon the filing of said certified copy, the clerk of the Supreme Court shall issue citation in error as may be prescribed by the rules of the Supreme Court.''

Rule 1, adopted by this court, reads as follows:

''Applications for writs of error from this court to the several Courts of Civil Appeals shall consist of a petition, addressed to the court, and accompanying transcript, certified under the hand and seal of office of the clerk of the Court of Civil Appeals. The petition, in addition to the requisites prescribed in the statute, shall show that the applicant has made a motion for a rehearing in the Court of Civil Appeals, presenting distinctly all the points upon which a writ of error is asked, and that the motion has been overruled. The transcript, in addition to the conclusions of fact and law and opinion of the Court of Civil Appeals, and of the judgment rendered and bond given in the trial court as required by the statute, shall also contain a copy of the judgment of the Court of Civil Appeals, together with a copy of the motion for a rehearing filed therein, and of the order overruling the same.''

It will be seen that the law requires that the petition of the applicant shall follow an allegation of the names and residences of the opposite party, '' with a *brief* statement of the *nature* of his case and the *ground* upon which the writ of error is prayed.''

No statement of the pleadings or their substance is required, or proper, unless it is made so by reason of some issue upon them being presented to this court for its decision. Otherwise a mere designation of the nature of the pleading or the character of the action is all that is proper in the '' statement of the nature of his case.'' Ordinarily the findings of fact by the Court of Civil Appeals will sufficiently advise this court of the controversy, so far as they depend upon the facts.

A statement of the evidence, or any part of it, can not be useful or proper, except as a part of a bill of exceptions taken to the admission or rejection of testimony, or when, in extreme cases, it may become material for this court to decide whether or not there was any evidence in support of a given issue.

Where it does not otherwise appear from the record, the petition should show, by appropriate allegations of fact relating to the subject matter of the controversy or the amount involved, that the case is one over which this court can exercise jurisdiction.

The transcript that accompanies the petition will be treated by this court as a part of it, and may be referred to in the petition; but it is not necessary, nor advisable, to copy into the petition any of the proceedings contained in the accompanying transcript. The purpose of the rule in regard to motions for rehearing in the Court of Civil Appeals is to insure

the decision by that court of the very question· intended to be brought before this court.

The law expressly requires that the petition shall state "the ground upon which the writ of error is prayed."

It is not likely that the complaining party will in every instance desire to present to this court *every point* included in the motion for rehearing made in the Court of Civil Appeals.

Instead of merely copying the motion for a rehearing; or reciting in the petition for a writ of error that certain assignments of error were unsuccessfully urged in the Court of Civil Appeals, *it is essential* that the errors of that court be distinctly pointed out in the petition. The petition in this case does not contain such an assignment of errors, and the application must therefore be dismissed.

*Application dismissed.*

Delivered May 18, 1893.