E. H. HODO V. MEXICAN NATIONAL RAILWAY COMPANY.

No. 783.

1. **Application for Writ of Error—Assignment of Errors.**

Among other things, the petition for writ of error must contain specific assignments of the errors complained of. The assignments must be express and direct. So much of an assignment as is argumentative is unnecessary and improper ...................................................... 523

2. **Practice in Applications.**

The application being defective, ten days' time was allowed within which to supply the defects by amendment ................................... 524

APPLICATION for writ of error to Court of Civil Appeals for Fourth District, in an appeal from Webb County.

*J. O. Nicholson*, for application.

GAINES, CHIEF JUSTICE.—Amended article 1011b of the Revised Statutes, as passed by the present Legislature, and approved May 6, 1895, provides, that "Any party desiring to sue out a writ of error before the Supreme Court shall present his petition, addressed to said court, stating the nature of his case and the grounds upon which the writ of error is prayed for," etc. Laws 1895, Reg. Session, p. 144. Amended Rule 1 of Rules for the Supreme Court, adopted at the last term of this court, directs, that "Applications for writs of error shall consist of a petition, addressed to this court, embracing specific assignments of error, confined to the points of law presented in the motion for a rehearing in the Court of Civil Appeals," etc. 87 Texas, p. xxxvii. This was the law before the passage of the amendment and the adoption of the rule cited. Railway v. Wilson, 85 Texas, 507.

There are no direct assignments of error in this petition. After alleging that the applicant made a motion for a rehearing in the Court of Civil Appeals, and that his motion was overruled, the petition proceeds as follows: "Applicant in support of his said motion, among others, assigned the following as his first ground." Then follows the assignment of error, as set out in the motion, together with a statement and argument. This is an example of the manner in which the errors are attempted to be assigned in the petition; and we are of opinion that they are insufficient. To say that a certain ruling of the Court of Civil Appeals was assigned as error in a motion for a rehearing in that court, is not equivalent to an express assignment in the petition to this court that that court committed error in the particular complained of, though it may lead to a conjecture that such was the intention of the pleader. If the petition for a writ of error was uncontrolled by rule or form, it might be implied that the averments in the application under consideration were intended to induce the inference that the Court of Civil Appeals erred in overruling the motion for rehearing.

But such is not the law. The assignment must be express and direct. If the alleged errors had been assigned in the petition for the writ of error, as they are assigned in the motion for a rehearing, without the preliminary statement, as quoted above, they would have been sufficient. We may, however, remark, that the assignments even then might be appropriately abbreviated. So much of an assignment as is argumentative is unnecessary, and, as we think, improper.

Ten days will be allowed the applicant in which to amend his petition. If not amended within that time, the petition will be dismissed.

Delivered October 24, 1895.