## W. S. BOURLAND ET AL. V. C. A. SCHULZ.

Decided May 27, 1905.

1.—Assignment of Error—Specifications.

Where the verdict was upon special issues, 34 in number, an assignment of error that "the court error in rendering the judgment in favor of plaintiff in overruling defendant's motion for a new trial on the grounds that the verdict is contrary to and unsupported by the evidence in this," with eleven specifications following, relating to dissimilar issues and supported by a long state-

ment of the evidence without any clear separation thereof as to the different issues, is refused consideration because not a clear and distinct specification of error.

**2.—Trial on Special Issues—Objection Waived.**

An objection to the action of the court in submitting the case on special issues and refusing a requested general charge covering all issues, comes too late after verdict, no exception having been taken at the time.

**3.—Reformation of Conveyance—Judgment.**

Where the action was for the reformation of a conveyance of land made by plaintiff, or, in the alternative, for the recovery of the land, and the jury found on special issues submitted that it was the intention of both parties that plaintiff should convey only two-thirds of the land, and that defendant, at the time the conveyance was executed, induced plaintiff to believe that two-thirds only was conveyed, the proper judgment, as here rendered on appeal, was to give effect to the real contracts of sale, instead of cancelling it.

*Cook & Cook* and *M. B. Harris,* for appellants.

*Tolbert & Berry* and *F. P. McGee,* for appellee.

CONNER, CHIEF JUSTICE.—In substance this suit is one by appellee for the reformation of a certain conveyance made by him to appellant W. S. Bourland of the Henry Haddon survey of land in Wilbarger County, consisting of 1,076 acres, of which appellee was the owner, or, in the alternative, for the recovery of the land, together with its rental value, and of certain personal property described in the petition, or the value of the same, aggregating $1,891. Appellee alleged that, as agreed upon, he was to convey to appellant all of said personal property and an undivided interest of two-thirds only of said survey for the sum of eight thousand dollars, but that by means of fraud on appellant's part he was induced to execute a deed in legal effect conveying the entire survey. Appellant generally and specially denied fraud and averred that the contract of sale was for the entire interests as indicated by the conveyance.

The case was submitted upon thirty-four special issues, and the several answers of the jury thereto support appellee's contention, as above stated, but the court entered judgment in effect canceling the sale; giving appellee $500 for the use of said land while in appellant's possession, after deducting therefrom $391.55, advanced by the latter on the contract; awarding appellee writ of possession for the said personal property, or execution for the value of the same; and writ of possession for said land on January 1, 1905, appellant by the judgment being given the growing crops, and the time within which to gather the same.

Appellee objects to a consideration of the first (twenty-seventh in the transcript) assignment of error, wherein, as is manifest from the brief, appellant evidently seeks to present his principal, if not only, substantial ground for reversal of the judgment below. We think the objections to the assignment must be sustained. It is that "the court erred in rendering the judgment in favor of plaintiff, in overruling defendant's motion for a new trial on the grounds that the verdict of the jury is contrary to and unsupported by the evidence in this," then follow specifications a, b, c, d, e, f, g, h, i, j and k. The specifications relate

to dissimilar issues submitted to the jury. Some of them are quite lengthy, "k," for instance, consisting of seventeen lines of the transcript, and the whole occupying nearly four pages of the record. In support of the assignment follows a long statement of evidence from the record, without clear, if any, separation of the evidence cited in support of said several, dissimilar particulars, in which it is alleged the verdict is unsustained, and the statement hence is of the nature of the assignment, and the whole of such confusing tendency as to be misleading. The verdict being upon special issues is composed, in effect, of as many separate verdicts as there were material separate issues submitted to the jury, and the assignment under consideration, involving as it does almost the entire case, can not be construed to be that clear, distinct specification of error required by the statute and rules. We hence conclude that in the interest of litigants and the public alike, it is our duty to disregard the assignment of error discussed. In this connection, however, we will add that such examination as we have been able to make of the 170 pages of the transcript of the evidence in this case leaves us with the conviction that we could not sustain said assignment, should we consider it, and we now and here find that the evidence sufficiently establishes the material allegations of appellee's petition and the verdict of the jury upon each of the material issues submitted to them.

The conclusions above announced we think practically disposes of all other assignments of error that are material in view of our final conclusion as hereinafter stated, but we will briefly notice one or two.

It is insisted that the court committed error in submitting the case on special issues and in refusing a requested general charge covering all issues. No exception to the action of the court was taken at the time, however, and we think it too late, after the rendition of a verdict, for a party to avail himself of such an objection. Besides, it affirmatively appears from the record that as many as three of the special issues submitted to the jury were given at the request of the appellant. Appellant must therefore have consented to the form in which the case was submitted.

The special charge mentioned in the twentieth assignment of error might perhaps have been given, but its refusal does not constitute reversible error, in that the material issue therein embodied was included in issues submitted.

Other assignments become immaterial in view of the conclusion we have reached that the proper judgment was not entered upon the verdict. The jury found that it was, the intention of both appellee and appellant Bourland that appellee was to convey only two-thirds of the land, and that at the time of the execution of the conveyance appellant and his counsel induced appellee to believe that two-thirds only was conveyed. The real agreement being as stated, and other material facts being found and undisputed, we think the judgment should be reversed, and here rendered for appellee so as to accord with the real contract of sale as established by the verdict, and it is so ordered.

*Reversed and rendered.*