W. C. MUNN CO. v. WESTFALL.    (No. 7386.)

(Court of Civil Appeals of Texas.    Galveston.
June 19, 1917.)

1. APPEAL AND ERROR ⊂⇒731(1), 740(1) —
-SCOPE OF REVIEW—ASSIGNMENTS OF ERROR
—SUFFICIENCY.

An assignment of error that the verdict was
contrary to the evidence and was not supported
by it, in that plaintiff's testimony was not cor-
roborated, but was contradicted, is too general,
and is multifarious.

2. APPEAL AND ERROR ⊂⇒742(4)—SCOPE OF
REVIEW — ASSIGNMENTS OF ERROR — SUFFI-
CIENCY.

An assignment of error that evidence of one
witness was insufficient to support the verdict,
having neither a proper proposition nor state-
ment following it, cannot be considered.

3. LIBEL AND SLANDER ⊂⇒121(1) — EXCES-
SIVE DAMAGES.

A verdict of $1,500 in favor of a woman
who was accosted on the streets with the de-
mand that she permit defendant's servant to
examine certain bundles under 'accusation that
she was a thief and a shoplifter was not exces-
sive.

4. WITNESSES ⊂⇒318—EVIDENCE — CHARAC-
TER OF PLAINTIFF.

In action for damages by accusation of shop-
lifting, where the defendant had made no at-
tack upon plaintiff's good character, it was im-
proper to ask plaintiff whether she had ever be-
fore been accused of any dishonest act.

5. APPEAL AND ERROR ⊂⇒1048(5)—HARMLESS
ERROR.

But the mere asking of such question is not
ground for reversal if the question was not an-
swered.

6. APPEAL AND ERROR ⊂⇒1050(1)—HARMLESS
ERROR.

In action for damages by false accusation
of shoplifting, where plaintiff's employer testi-
fied that he had told defendant that defendant's
employé had held up plaintiff without pretend-
ing to know the truth of such statement, admis-
sion of the testimony was no ground for re-
versal.

7. TRIAL ⊂⇒133(2)—ARGUMENT—CURE OF ER-
ROR.

Improper argument of counsel is no ground
for reversal, where the court specifically in-
structed that the jury must find its verdict ac-
cording to the pleadings and evidence, and not
the argument.

8. TRIAL ⊂⇒133(5)—ARGUMENT—CURE OF ER-
ROR.

While it is improper for counsel to say that
he thinks a transaction in question did happen,
the error is cured by a specific instruction not
to regard the argument of counsel.

Appeal from District Court, Harris County;
Chas. E. Ashe, Judge.

Action by J. E. Westfall against the W. C.
Munn Company. Judgment for plaintiff, and
defendant appeals. Affirmed.

E. B. O'Quinn and D. E. Simmons, both of
Houston, for appellant. L. E. Blankenbecker,
of Houston, for appellee.

LANE, J. This suit was instituted by J.
E. Westfall against W. C. Munn Company, a
mercantile corporation, and for cause of ac-
tion, among other things, he alleges, that on
the 19th day of April, 1915, the W. C. Munn
Company was a corporation conducting a
mercantile business in the city of Houston,
Tex.; that on said date Mrs. Emma West-
fall, wife of plaintiff, visited the store of de-
fendant to make purchases; that after she
left said store and was upon the streets of
Houston, one of defendant's agents and serv-
ants accosted her and demanded that she,
said agent, be permitted to examine certain
bundles which plaintiff's wife had in her pos-
session; that said agent and servant stopped
plaintiff's wife upon said street and hastily
and in an angry and threatening manner grab-
bed said bundles from her hands and accused
her of being a thief and shoplifter and of
stealing from defendant's store; that such
act of defendant's said agent and servant
was done in her capacity as such agent and'
in line of her employment as detective for
defendant, etc. Plaintiff also alleged that
such acts and conduct of said agent and serv-
ant greatly humiliated his wife and caused
her much mental anguish and physical pain,
to plaintiff's damage in the sum of $2,500,
for which he prays judgment. Defendant
answered, denying all the allegations of plain-
tiff's petition wherein it is charged that
defendant's agent and servant accosted,
searched, or assaulted plaintiff's wife, or
wherein it is charged that said agent ac-
cused plaintiff's wife of being a shoplifter
and thief. It further specially says that if
any person in its employ did the acts and
made the utterances to and toward plain-
tiff's wife alleged in plaintiff's petition, such
acts and utterances on the part of such em-
ployé were not acts done within the scope of
the authority of said employé, but were acts
unauthorized by defendant, and for which it
is not liable. The case was tried before a
jury, and a verdict returned in favor of
plaintiff, J. E. Westfall, against W. C. Munn
Company for the sum of $1,500, and judg-
ment was accordingly rendered.

[1] By the first assignment it is stated
that the verdict of the jury is contrary to the
evidence and is not supported by it, in that,
the testimony of the plaintiff, Mrs. Emma
Westfall, is not supported or corroborated
by the testimony of a single witness, while
Mrs. E. I. Smith and Mrs. E. J. Bacher ab-
solutely contradict the testimony of Mrs.
Emma Westfall. Then follows, as a part of
the same assignment, an argument covering
more than three pages of appellant's printed
brief, discussing the effect of the testimony of
several witnesses. The assignment is too gen-
eral, is multifarious and is incumbered with
reasons and arguments tending to obscure the
point intended to be presented, rather than
to distinctly specify the grounds relied upon
for reversal of the judgment complained of.
An assignment, to be sufficient, should dis-
tinctly point out or specify the grounds relied
upon for a reversal of the judgment, and if
it is not, it should not be considered by the
appellate court. S. A. & A. P. Ry. Co. v.
Timon, 45 Tex. Civ. App. 47, 99 S. W. 418;

Hardy v. Lamb, 152 S. W. 650; Hodo v. Bank, 88 Tex. 523, 32 S. W. 511; Stevens v. Ins. Co., 26 Tex. Civ. App. 156, 62 S. W. 824; Bourland v. Schulz, 39 Tex. Civ. App. 572, 87 S. W. 1167.

[2] The simple proposition evolved out of the mass of matter, reasons and argument, etc., contained in the assignment is that the testimony of the one witness alone, Mrs. Westfall, is insufficient to support the verdict of the jury, because it is contradicted. There is no contention that the evidence as a whole does not support the verdict of the jury, nor even that the testimony of Mrs. Emma Westfall, wife of the plaintiff, alone was insufficient to warrant the jury in finding a verdict in favor of plaintiff, but only that her testimony is not supported or corroborated by other witnesses, while, on the other hand, her testimony was directly contradicted by witnesses Mrs. Smith and Mrs. Bacher. The assignment is insufficient to raise the issue as to whether the evidence is sufficient to support the verdict of the jury and the judgment. It has neither a proper proposition nor statement following it. However, if we should consider the assignment, we would hold that the testimony of Mrs. Westfall was sufficient to support the verdict of the jury. By the second assignment it is insisted that the verdict and judgment for $1,500 is excessive.

[3] Since the evidence is sufficient to support the finding of the jury that Mrs. Westfall suffered the wrongs at the hands of the agent and servant of appellant as alleged in plaintiff's petition, the judgment for $1,500 is not excessive, and we do not feel authorized to interfere with the judgment so rendered upon the ground that it is excessive. The assignment is overruled.

The third assignment is as follows:

"The judgment of the court herein is contrary to the law as applied to the facts shown by the evidence introduced on the trial of this cause, and in view of the improper argument made by the counsel for plaintiff during his argument to the jury, an improper remark made by counsel for plaintiff during the trial of said cause, which latter will be treated in another ground of this motion."

The assignment is vague, indefinite, and multifarious. It is followed by no proposition, nor is it a proposition within itself. Nor is it followed by any statement in its support. The remarks following this assignment in appellant's brief is in no sense a statement in support of the assignment, but is an argument of counsel. We cannot intelligently discuss the assignment as presented. We therefore decline to consider the same.

[4, 5] By the fourth assignment it is insisted that, while Mrs. Westfall, the alleged injured party, was testifying she was asked by counsel for plaintiff, over the objection of defendant, if she had ever been accused of any dishonest act before the alleged accusation involved in this case; and that she re- plied that she had not been so accused. It is urged that the admission of such question and answer by the court was error, because no attack had been made upon the character of the witness by defendant, and therefore it was not permissible for plaintiff to introduce evidence to show the good character and reputation of the witness. In approving the bill of exception reserved to the matter complained of in the assignment, the trial judge qualified the same as follows:

"Approved, with the qualification that the statement of facts does not show the introduction of any such testimony, nor is such recalled as having been introduced; that is to say, the question was not answered."

The question complained of was improper, and should not have been asked, but the bill as qualified presents no reversible error. The assignment is therefore overruled.

The fifth assignment is as follows:

"The court erred in admitting the following testimony, in that, while Bernard Hamilton, a witness for plaintiff, was on the stand, on direct examination, among other things, he made the following statement: 'I rang the Munn Company and stated that I would like to speak to the manager. I told him that Mrs. Westfall had been held up in the entrance to the Rice Hotel, and that I did not think that was the way for anybody to be treated, and that it was a personal matter with me for one of my employés to be treated that way,' to which statement by the witness, and especially that part thereof, to wit, 'I told him that Mrs. Westfall had been held up in the entrance to the Rice Hotel, and that I did not think that was the way for anybody to be treated,' defendant objected, and asked that it be stricken from the record, and that the jury be instructed not to consider the same, for the reason that such statement made by said witness was the attempted statement of, or assuming of, a fact about which the witness knew nothing except from hearsay, as shown by the testimony prior thereto of said witness, and same was hearsay, assuming, inadmissible for any purpose, and highly prejudicial to defendant, which objection was, by the court, overruled, with the further statement by the court that, 'He can certainly tell what notice he brought home to you.'"

The bill of exception reserved to the matter complained of in the assignment was qualified by the court in the following words:

"The exception is approved with the qualification that the answer to the question was made before objection was raised, and no motion made to exclude the answer, and counsel for plaintiff, after answer made, stated to the court and jury that the witness could not know anything of the truth of what he reported."

[6] We do not think the bill of exception as qualified presents reversible error. While the testimony was not admissible, we are inclined to the view that as it is shown by the testimony of the witness as a whole that he did not pretend to know or say that the statement he made over the phone was true, but that he was only repeating what Mrs. Westfall had told him, it was not calculated to improperly affect the verdict of the jury, and therefore it presents no reason for a reversal of the judgment rendered, even had the court not qualified the bill.

[7] By the sixth and seventh assignments

complaint is made of argument alleged to have been made by counsel for plaintiff. The bills of exception reserved, showing appellant's complaints, were both ·qualified by the trial court, in which qualification the court stated that counsel made no such argument as alleged by appellant so far as the court heard. It is made to appear by the bill of exception in support of the sixth assignment that during the controversy between counsel as to what was said by plaintiff's counsel in argument, the trial court instructed the jury as follows:

"The court instructs the jury that the case, as submitted to you, is based upon the pleadings and the evidence admitted under the pleadings, and from this alone you must determine your verdict. The plaintiffs are not entitled to recover herein any damages by reason of any allegations contained in the defendant's pleadings, nor by reason of any testimony adduced upon the trial which is not strictly in support of the pleadings of plaintiff. And you are further instructed that you will not consider, in arriving at your verdict in this case, the statement of counsel for plaintiff that the defendant's pleadings are a perpetual memorial against her good name and reputation."

The qualification of the court to this bill is as follows:

"The foregoing is approved with the qualification that it is not to be understood by the instruction of the court to the jury that the court is undertaking to say that counsel for plaintiff said that the defendant's pleadings 'are a perpetual memorial against her good name and reputation.' The court, not having heard the language used by counsel for plaintiff, was simply giving an instruction to the jury to safeguard, as far as he could, the defendant's interest against language which its counsel charged that plaintiff's counsel had used, and which plaintiff's counsel disclaimed having used."

The qualification to the other bill is as follows:

"The foregoing bill is approved with the qualification that what actually took place is substantially as follows: Counsel for plaintiff said this instead of the statement above: 'That men could hardly conceive of a woman who was so zealous in a matter of this kind that when apprehending women she would have them confess and reduce their confessions to writing.' Counsel also said, substantially, that the evidence showed Mrs. Westfall to be a working woman at Hamilton Bros., honest, earning her own living, attending to her own business, and who had always borne a good reputation, and asked the jury to compare her with the witness Mrs. Bacher, who put pride in her scalps, in her confessions, and who could not be satisfied with apprehending women, but was of that zealous nature that she wished their confessions to be in writing. The witness Mrs. Bacher apparently had brought to court with her a box in which she kept confessions of those she had caught and apprehended and stated on the stand several times, voluntarily without questioning, substantially, 'Here are my confessions,' 'I can show you my confessions,' 'I have got a box full of them there,' and, 'Do you want to see them?' and were referred to under cross-examination as 'scalps,' the witness stating substantially, 'You bet we do keep a lookout for scalps.' Counsel for plaintiff did use substantially the language attempted to be quoted in the second paragraph of the bill, with the exception that counsel did not say that the suit would cause the witness to lose her job, or that she was in-

terested in the suit because of her job, but said substantially that while the plaintiff, Mrs. Westfall, was an interested witness, nobody was more interested in the result of this suit than the witness Mrs. Bacher, but he did not say or insinuate that the result of the suit might cause Mrs. Bacher to lose her job. That he did say substantially that she was vitally interested because, in his opinion, she did not want her conduct to be held against her in the future as a reflection upon her conduct as a detective."

Neither of the bills of exception as qualified, in view of the instruction given in relation to the matters complained of by appellant, presents reversible error, and they are therefore overruled.

During the trial of the cause and while plaintiff's witness Hamilton was on the stand, the colloquy, remarks, and instruction from the trial court, as indicated below, took place:

"Blankenbecker (for plaintiff): Q. Did you, or not, tell the gentleman you were talking to over the phone that one of his detectives had stopped her and apprehended her and searched her? A. I did.

"Mr. O'Quinn (for defendant): I object to the question and answer in that form.

"Mr. Blankenbecker: What form?

"Mr. O'Quinn: You assume that such a transaction actually happened.

"Mr. Blankenbecker: I think it did.

"Mr. O'Quinn: I take exception to the remarks of counsel that he thinks it did happen.

"The Court: I instruct the jury not to regard the remarks of counsel. They will find their verdict from the evidence admitted by the court on the witness stand. Strike out the answer made."

[8] Appellant excepted to the statement of counsel for plaintiff, "I think it did," and makes such remarks the basis of its eighth assignment of error. The remarks of counsel complained of were improper, but in view of the instruction of the court relative to such remarks, as shown above, it is not at all probable that injury resulted to appellant therefrom.

We have discussed and disposed of all of appellant's assignments, and we find no such error in the trial of the cause as should cause a reversal of the judgment rendered by the trial court; therefore such judgment is affirmed.

Affirmed.