**JEFFERSON COUNTY TRACTION CO. v. GILES.** (No. 380.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 28, 1918.)

1. RAILROADS ⬅️442(2) — KILLING LIVE STOCK—MAINTAINING OUTLOOK.

Upon question of duty to maintain outlook, testimony that other animals had been killed or struck by defendant traction company's cars at or near the crossing where plaintiff's animal was killed was admissible to show that defendant and its employés knew that animals were running at large in the vicinity of the crossing.

2. APPEAL AND ERROR ⬅️1051(1)—ADMISSION OF TESTIMONY—HARMLESS ERROR.

Although testimony as to other animals having been killed or struck at or near crossing in question was inadmissible, the case will not be reversed because of admission of such testimony, where there is sufficient other testimony in the record to justify the judgment.

3. RAILROADS ⬅️443(1) — KILLING OF LIVE STOCK—NEGLIGENCE—EVIDENCE.

In action for value of plaintiff's cow alleged to have been negligently killed by defendant traction company's cars at a crossing, evidence *held* to support finding of trial court as to negligence of defendant's servants and employés.

Appeal from Jefferson County Court at Law; D. P. Wheat, Judge.

Action by Joe L. Giles against the Jefferson County Traction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Orgain, Butler & Bolinger, of Beaumont, for appellant. A. Ludlow Calhoun, of Beaumont, for appellee.

KING, J. Judgment was rendered in favor of appellee in the county court at law of Jefferson county in the sum of $100, the value of a cow alleged to have been negligently killed by appellant's cars, and $20 as attorney's fee. From this judgment appellant has appealed, and its first assignment of error complains of the action of the trial court in admitting the testimony of the witness B. F. Roberts, to the effect that other accidents had taken place and other animals had been killed or struck by cars of the defendant at or near the crossing where plaintiff's animal was killed.

[1, 2] We overrule this assignment of error, as the record shows it was permitted for the purpose of showing knowledge upon the part of appellant and its employés that animals ran at large in the vicinity of where the cow. was killed, and that they were likely to be in the vicinity of the crossing where the accident occurred. The cases of I. & G. N. Ry. Co. v. Bandy, 163 S. W. 341, and Railway Co. v. Rowland, 82 Tex. 166, 18 S. W. 96, hold that it was error, where the question of liability of the company was at issue, for evidence to be admitted to the effect that other accidents had happened at the point, and that the company had settled for same. The evidence admitted in this case was not for the purpose of showing that the company had recognized that it was liable for the killing of other stock at this crossing by paying for same, but upon the question of their duty with respect to maintaining an outlook for cattle at this particular crossing. Furthermore if the testimony was immaterial and inadmissible, we would not reverse the case; there being other testimony in the record justifying the judgment of the court.

[3] The other assignments of error attack in different methods the judgment of the court; claiming that the evidence adduced upon the trial that the defendant's servants and employés in charge of the interurban car which struck appellee's animal failed to ring the bell or blow the whistle, or give any warning before approaching and attempting to cross the road crossing where the accident occurred, nor that the failure, if any, to do so

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was the proximate cause of the accident in question.

We have examined the evidence in the case very closely, and are of opinion that the findings of the trial court as to the negligence of the appellant's servants and employés is supported by the evidence. While perhaps not by positive evidence, the testimony of the witnesses that the track was straight for a long distance, that the car was equipped with powerful headlights, which shone plainly for 40 feet on each side of the track for several hundred yards ahead of the car, the sound of the crash as heard by one of the witnesses, and the condition of the cattle guard and the cow found after the wreck, and other circumstances, were sufficient for the trial court to conclude that the appellant's employés were negligent, as complained of in the citation and pleadings of the appellee, and that such negligence was the direct and proximate cause of the death of the cow.

The judgment is affirmed.