### BRAGG et al. v. HUGHES.

No. 9744.

Court of Civil Appeals of Texas. Galveston.

July 20, 1932.

Rehearing Denied Sept. 29, 1932.

his employees with one of his trucks to Wortham, Tex., to bring back to Houston another truck belonging to appellee which had been burned and disabled at or near Wortham. As these employees were returning to Houston pulling the disabled truck, the front wheels of which were raised up and fastened upon the rear end of the truck which was being driven by appellee's employees, they discovered a Ford car which had run into the ditch on the side of the highway. When they arrived at the car in the ditch, appellee's employees stopped their truck on the side of the highway and proceeded to assist the driver of the Ford car in getting it out of the ditch. To do this they detached the disabled truck from the truck they were driving and left it standing on the side of the highway. They then, with the assistance of the owner of the Ford car, fastened it to the truck they were driving and pulled it out of the ditch. After they had gotten the car out of the ditch and were engaged in unfastening the chain which attached it to the truck, an automobile in which the deceased and another were riding ran into the rear of the disabled truck, which had been left standing on the right side of the highway, with such force as to cause an explosion and fire in which the occupants of the automobile were burned to death. At the time of this collision, the disabled truck only occupied about two feet of the concrete portion of the highway with its left rear wheel. There was no light on the truck at the time of collision, but the evidence shows that it was not dark at that time.

In answer to special issues submitted by the trial court, the jury found that the driver of the automobile in which deceased was riding at the time of the collision negligently failed to keep a proper lookout for objects on or near the highway, and that such negligence was a proximate cause of the collision, and that the automobile was being operated at a negligent rate of speed, and that was a proximate cause of the collision.

They also found in response to a special issue that the automobile in which Bragg was riding was not being driven in a negligent manner just prior to the time of the collision.

Appellants' first proposition complains of the judgment on the ground that these findings of the jury are so conflicting as to destroy the verdict and require its setting aside. The proposition is not without force, but we think the point has been properly ruled against appellants' contention. In the case of Thrush v. Lingo Co. (Tex. Civ. App.) 262 S. W. 551, 554 (writ of error refused), the jury found that the plaintiff was negligent in not driving to the center of the street before making a turn to the left, and that her failure to

J. S. Bracewell, of Houston, for appellants.

King, Wood & Morrow and H. E. Cox, all of Houston, for appellee.

### PLEASANTS, C. J.

This is a suit brought by appellant, Lela Bragg, the surviving wife, and other plaintiffs, appellants herein, the children and the mother of Allen Bragg, deceased, against appellee to recover damages for the death of Allen Bragg which is alleged to have been caused by the negligence of the agents and employees of the defendant in the operation of a truck on a public highway near the city of Houston.

The appellee answered by general demurrer and numerous special exceptions to plaintiffs' petition, by general denial of its allegations, and by plea of contributory negligence on the part of the driver of the automobile in which the deceased was riding at the time of the collision by which his death was caused.

The trial in the court below resulted in a verdict and judgment in favor of defendant.

The evidence shows that appellee, who owns and operates trucks on the public highways leading out of Houston, had sent several of

go to center of the street before turning to the left proximately caused the collision, and also found that on the occasion in question the plaintiff exercised ordinary care for her own safety. In discussing and deciding the question as to whether the verdict in that case was so conflicting as to require its setting aside, the court says:

"As the jury found that the specific acts complained of by appellee constituted negligence per se, and, further, that such acts were the direct and proximate cause of the injuries sustained by her, it was not error for the court to ignore the general finding of the jury that appellant on the occasion in question exercised ordinary care for her own safety, as this was but the expression of an opinion of the jury that, although appellant had violated said state statute, and that such acts proximately caused the injury sustained by her, she otherwise exercised ordinary care for her own safety and protection. Brewster v. City of Forney (Tex. Com. App.) 223 S. W. 175; Ball v. Youngblood (Tex. Civ. App.) 252 S. W. 872; Zucht v. Brooks et al. (Tex. Civ. App.) 216 S. W. 684.

"We are therefore of the opinion that the trial court did not err in rendering judgment for appellee upon said findings, and that said judgment should be in all respects affirmed; and it is so ordered."

Other cases in which the point has been ruled against appellant are St. Louis Southwestern Ry. Co. v. Miller & White (Tex. Civ. App.) 176 S. W. 830, 833; Peeler v. Smith (Tex. Civ. App.) 18 S.W.(2d) 938; Dallas National Bank v. Peaslee-Gaulbert Co. (Tex. Civ. App.) 35 S.W.(2d) 221.

█ We think the principle that a specific finding should control a general finding is properly applicable in reconciling seeming conflicts in a jury's verdict. It is the duty of the courts to construe verdicts as not irreconcilably conflicting when there is any reasonable explanation of seeming conflicts. We should always assume the honesty and at least ordinary intelligence of a jury, and that they never intend that their specific findings of facts should be destroyed by a general finding in seeming conflict therewith. Graham v. Hines (Tex. Civ. App.) 240 S. W. 1015, 1019.

█ Appellants next assail the verdict and judgment on the ground that the trial court erred in permitting the attorney for the defendant to repeatedly ask witnesses for plaintiffs improper questions in regard to the wrongdoings and indictments against the witnesses or members of their family.

For the sake of the argument, it may be conceded that the attorney did ask improper questions of the character indicated in appellants' brief, after the court had repeatedly sustained objections to the questions, and the attorney in so pressing the questions up-

on the witnesses exceeded the rules of propriety.

We think appellee's counter proposition to this complaint of appellants, which we here copy as a part of this opinion, is a sufficient answer thereto, is sound in law, and the facts therein stated are supported by the record:

"It appearing from the record in this case that Allen Bragg was not a witness in the suit; that Garrett Bragg and Lee Bragg, witnesses for plaintiff, testified only to matters with reference to the earning capacity of the deceased Allen Bragg, one of them, in addition, describing certain trucks, but neither of them testifying as to the manner in which the accident occurred which caused the death of Allen Bragg; and it further appearing that the jury in answer to the issues submitted them by the court found in favor of the appellants on most of the issues of primary negligence and contributory negligence submitted, and in answer to the issue on damages found a substantial sum, and one which would have adequately compensated the appellants had judgment been entered on the verdict; and it further appearing from the record that the only finding of the jury which deprived the appellants of a judgment was that the driver of the automobile in which the deceased was riding was not keeping a lookout at the time of the accident and was proceeding at an unreasonable speed, the act of the attorney for appellee upon the trial in asking the witness, Garrett Bragg, if Allen Bragg had ever been indicted, and in asking him if Lee Bragg had ever had any trouble with the law; and in asking the witness, Lee Bragg, if he, Lee Bragg, had not been convicted for cattle theft, and in offering in evidence a certified copy of an indictment against Allen Bragg, if error, is shown to have been harmless and not of such a prejudicial nature as to require the reversal of the case, where the trial court sustained the appellants' objection to such testimony and excluded the same from the jury, with admonitory instructions." Texas Employers' Insurance Association v. Brock (Tex. Com. App.) 36 S.W.(2d) 704; Kuehn v. Kuehn (Tex. Civ. App.) 259 S. W. 290; Pyeatt v. Anderson (Tex. Com. App.) 269 S. W. 429; Garrison v. Blanton, 48 Tex. 299; Missouri, K. & T. Ry. Co. v. Smith (Tex. Civ. App.) 101 S. W. 453; Munn Co. v. Westfall (Tex. Civ. App.) 197 S. W. 328; Emberlin v. Wichita Falls, R. & Ft. W. R. Co. (Tex. Com. App.) 284 S. W. 539.

█ Appellants' third proposition complains of the ruling of the court in admitting testimony upon the issue of whether the driver of the automobile was intoxicated at the time of the collision, of isolated acts of drinking whisky at a time too remote to bear any reasonable relation to the time under inquiry.

We think this complaint presents no material error, if any, since the record shows that

the issue of intoxication of the driver of the automobile in which the deceased was riding at the time of the collision was answered by the jury in favor of appellants. Foster v. Burgin (Tex. Civ. App.) 244 S. W. 244; Donaldson v. Meyer (Tex. Com. App.) 261 S. W. 369.

There is no merit in appellants' complaint of material error in the admission of testimony of fast driving by the driver of the automobile on occasions prior to the one in controversy. The undisputed evidence of four witnesses who testified in this case shows that at the time of the collision in which the deceased was killed the automobile in which he was riding was being driven at an excessive rate of speed.

In this state of the record, the admission of the evidence complained of must be held harmless. Jefferson County Traction Co. v. Giles (Tex. Civ. App.) 206 S. W. 224; Burnett v. Anderson (Tex. Civ. App.) 207 S. W. 540.

If, however, we could agree with appellants on any or all of the questions above discussed, we nevertheless would affirm the judgment, because, in our opinion, upon the facts which we have before stated which are shown by the uncontradicted evidence, appellee cannot be held liable for the damage caused by the negligence of appellee's employees while they were engaged in rescuing the Ford car from the ditch alongside the highway. In engaging in this undertaking, laudable and commendable as it must be held, they were not acting in furtherance of the interest of their employer in the business in which they were employed to serve.

In Texas Jurisprudence, vol. 5, p. 775, the general rule in cases of this kind is thus stated: "Where agency is relied on as the basis of liability, the plaintiff must establish, not only that the vehicle was being driven by defendant's agent or employee, but also that the latter was using it in the defendant's business or service, or for his benefit or as it is expressed 'in the course of' or 'within the scope of' the driver's employment."

In 39 Corpus Juris, 1925, it is further said: "If the servant steps aside from the master's business for some purpose wholly disconnected with his employment, the relation of master and servant is temporarily suspended, and this is so no matter how short the time, and the master is not liable for his acts during such time."

And further on page 1926: "The fact that in perpetrating the injury complained of the servant, while acting for some purpose of his own used facilities supplied by the master, and that the injury could not have been inflicted without such facilities, imposes no liability upon the master."

Blashfield on Automobiles, vol. 2, p. 1384, § 18, states the rule, in cases of this kind, as follows: "The general rule is that the voluntary act of a servant in going to the assistance of or rescue of another in distress on the highway is not within the scope of his employment. Within this rule the act of a servant in stopping on the highway and attempting to help a disabled car out of the ditch is not within the scope of the employment, and the master is not liable for injuries from the collision of a third person with the servant's car, which he negligently left projecting beyond the center of road while on his rescue mission."

While this exact question has not been decided by the courts of this state, and there is some conflict in the decisions of the other states as to the extent of the deviation of the servant from the performance of the duties of the master necessary as a matter of law to relieve the master from liability for the negligence of the servant, we think the facts in this case show such a deviation or turning away by the servant from the master's business as should, as a matter of law, prevent any recovery by appellants against the appellee.

The judgment must be affirmed, and it has been so ordered.

Affirmed.