### POYNOR v. GROVES.

No. 13257.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 8, 1935.

L. J. Wardlaw and Roy A. Scott, both of Fort Worth, for plaintiff in error.

Allen & Gambill, of Fort Worth, for defendant in error.

MARTIN, Justice.

We adopt the statement of this case made in the brief of counsel for plaintiff in error, who was defendant in the court below, as follows:

"This suit was brought May 22, 1933, by Ozro Groves, appellee, against appellant, Tom Poynor, for personal services alleged to have been rendered by appellee for the Reserve Oil Company, a corporation, for which said services appellee alleges the appellant, Tom Poynor, personally promised and agreed to pay for, of which said corporation appellee alleged appellant owned all or practically all of the stock. Appellee alleged that appellant agreed to pay him a monthly salary of $400, and promised to pay and reimburse appellee for any and all expense or advancements paid or made by appellee in the rendition of his services.

"Appellee alleged that he entered upon such employment on or about August 7, 1931, and continued in such employment until January 1, 1933. Appellee further alleged that appellant paid said salary for the months of August, September, and October, 1931, but that thereafter there accrued and became due the appellee for salary, expenses, and advancements the total sum of $6,558.03, and that appellant paid on such amount the sum of $3,178, leaving

a balance due appellee in the sum of $3,-540.23.

"Appellant answered by general demurrer, general denial, and specially pleaded that he did not enter into any contract with appellee, and at no time individually agreed to pay appellee any amount of money; that the Reserve Oil Company, a corporation, entered into a contract with appellee, and was to pay appellee $400 per month for his services up to January 1, 1932, and that upon said date it was agreed between both parties that appellee's salary should be reduced to $250 monthly, on a basis of month to month employment, and that such contract terminated on April 1, 1932; that any and all amounts due and owing the said appellee for his services had been paid in full.

"The case was tried before a jury on September 29, 1934, and in answer to the special issues submitted, the jury found that appellant entered into an oral contract with appellee whereby appellant employed appellee to work for appellant and Reserve Oil Company; that appellant agreed to personally pay appellee $400 monthly; that such contract terminated on December 31, 1932; that a new contract or agreement was entered into on or about January 1, 1932, whereby appellee's salary was reduced to $250 monthly; that such contract terminated on December 31, 1932; that appellant personally owed appellee, at the time of the trial, for salary and advancements, the sum of $682.20, for which amount the court entered judgment for appellee.

"Appellant, within the time required by law, filed his motion for a new trial, which said motion was amended on October 5, 1934. Said motion was heard and overruled by the court on November 3, 1934, to which action of the court the appellant, in open court, excepted and gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, at Fort Worth. On December 11, 1934, appellant duly filed his petition for writ of error and supersedeas bond in the amount of $1,500, and the cause is now before this honorable court for review and correction."

For convenience, we designate the parties as appellant and appellee as in the briefs of counsel.

 Only two assignments of error are presented. The first to the effect that there is an irreconcilable conflict between the answers of the jury to special issues Nos.

3 and 5. Special issues 3, 4, and 5 of the court's charge are as follows:

"3. For what length of time do you find the plaintiff, Groves, worked under the contract, if any, inquired about in issue No. 1? Answer giving the date which you find from the evidence such contract was terminated.

"Answer: Up to the 31st day of December, 1932.

"4. On or about January 1, 1932, did the plaintiff, Groves, and the defendant, Poynor, acting as agent of Reserve Oil Company, enter into an oral contract whereby the plaintiff Groves would be paid a salary of $250.00 per month on a basis of month to month employment? Answer yes or no.

"Answer: Yes.

"If you have answered question No. 4 'No', you need not answer the next question, but if you have answered 'Yes' then answer:

"5. At what time do you find such last mentioned contract, if any there was, was terminated? Answer giving the day and date you find from the evidence same was terminated.

"Answer: Terminated on the 31 day of December, 1932."

It will be understood that there was a sharp contradiction between the plaintiff and the defendant as to the reduction of appellee's salary from $400 to $250 per month, the appellant contending throughout that said reduction was agreed upon about January 1, 1932, while appellee claimed that it did not happen at all. The contract of employment was one from month to month, subject to termination at the will of either party. The jury found that it was not in fact terminated until the close of the year 1932. We gather from the pleadings, the evidence, and the charge of the court that the jury understood that the change in salary did not constitute or contemplate the formation of a new contract, but was only a continuation of the original contract, so they decided that the contract, as originally made and the contract as amended, terminated at the same time, to wit, December 31, 1932. This appears to us to be a reasonable construction of the verdict, and, as we understand the law, we are required to uphold the verdict of a jury, if, by reasonable construction, the findings can be harmonized. It follows that the first assignment of error should be overruled. Bragg v. Hughes (Tex.Civ.

App.) 53 S.W.(2d) 151; Willis & Conner v. Turner (Tex.Civ.App.) 25 S.W.(2d) 642, 647; Texas Indemnity Ins. Co. v. Bridges (Tex.Civ.App.) 52 S.W.(2d) 1075.

▮ The second assignment is based upon the refusal of the court to grant a new trial on account of newly discovered evidence. It appears from the record that one item of appellee's account against the appellant was the payment of lease rental on 640 acres of land in Zapata county, amounting to $320, which appellee claimed to have paid for the benefit of his employer. He presented no receipts, checks, or vouchers in support of his claim, but testified that he paid it and in substance stated that it was paid out of a larger check given him by appellant for the sum of $375.

It appears that during the entire time of his employment appellee kept his own accounts and when he left the employ of appellant, he left in appellant's place of business his books and checks and vouchers connected with his employer's business. During the trial he went, at the invitation of appellant and his counsel, to these offices and searched for such records as he could find, but found nothing relating to this particular lease. The appellant, defendant below, pointedly testified that he personally paid the lease rental, by telegraphic money order, and supported his contention by exhibiting in evidence a check of about the correct date, payable to the Western Union Telegraph Company. Just what the jury determined with reference to this particular item of account there is nothing in the record to indicate. Their verdict was for a net sum of $682.20. The suit, as stated, was for $3,540.23.

The newly discovered testimony, as set forth in the motion for a new trial and the assignment based thereupon, was as follows:

"Receipt for telegraphic money order, Fort Worth, Texas, Aug. 15, 1931. Received from Tom Poynor Three Hundred Twenty and no/100 Dollars to be paid to First National Bank at Laredo, Texas, subject to the terms and conditions of the money order service. The Western Union Telegraph Company. By: W. L. Money Order Agent. Charges paid $4.15."

"Western Union (Copy)
"Fort Worth, Texas, August 15, 1931.
"First National Bank, Laredo, Texas.
"Transferring Three Hundred and Twenty Dollars rental six hundred forty acres abstract number One Five Four G.

C. & S. F. Ry. Co. Survey, Zapata County, Texas, to credit Filiberto Ramirez and wife Santos Martines De Ramirez and Refugio Martinez and Manuela Ramirez Vda De Martinez and Adela Martinez Vda De Lem.

"Tom Poynor.

"Received for Telegraphic Money order. Fort Worth, Texas, August 11, 1931. Received from H. G. Whitehead three hundred twenty dollars to be paid to Laredo National Bank at Laredo, Texas, subject to the terms and conditions of the money order service. The Western Union Telegraph Company by E. Shepherd money order agent. Charges paid $3.04."

In addition to the above receipts and telegrams, discovered by plaintiff since the date of said trial, defendant has discovered a deposit slip which reads in part as follows:

"Deposited with The First National Bank of Laredo. Filiberto Ramirez & Wife. Santos Martinez de Ramirez and Refugio Martinez & Manuela Ramirez de Martinez & Adela Martinez Vda de Lem.

"Checks as follows: Western Union Money order No. D347395, deposited by Mr. Poynor, Fort Worth, Texas, covering all rental 640 acres, abstract #154, G. C. & S. F. Ry. Co. survey, Zapata County, Texas."

There is nothing in the verdict of the jury or in the statement of facts to indicate whether or not in the final result of $682.20 the appellee was charged with this $320. Moreover, appellee makes the point that the evidence is but cumulative of the testimony of appellant, defendant below. This point seems to be well taken. 31 Tex. Jur. § 98, p. 110, and authorities there cited.

It was certainly the duty of appellant to show that the jury found against the appellant as to this $320 in order to entitle him to a new trial on newly discovered evidence. This burden is upon appellant to show this and he has failed to do so; in fact, the wide discrepancy between the sum sued for and the sum allowed by the jury would seem to indicate that most of the disputed items were decided in favor of the appellant by the jury trying the case. Under the circumstances, we cannot agree with learned counsel for appellant that the trial court abused his discretion in overruling the motion for a new trial.

The judgment below is therefore in all things affirmed.