SAMUEL T. GUILFORD, APPELLANT, *v.* JOSEPH B. MILLS,
AS SHERIFF, ETC., RESPONDENT.

*Chattel mortgage — levy upon the chattels under an execution against the mortgagor,
who has made a general assignment for creditors — what must be shown to sustain
the levy.*

A chattel mortgage was executed in February, 1889, by the firm of Crandell &
Boynton to one Guilford, and about the sixth of March thereafter Guilford took
possession of the mortgaged chattels. On the 12th of April, 1889, Crandell &
Boynton made a general assignment of their property for the benefit of their
creditors, and on April 20, 1889, a levy was made by the sheriff upon the mort-
gaged chattels under an execution issued upon a judgment against Crandell &
Boynton.

In an action of replevin brought by Guilford against the sheriff to recover such
chattels :

*Held*, that Guilford was entitled to recover for the reasons :

*First*, that if the plaintiff's mortgage was good as against the creditors of
the mortgagors, Guilford acquired a right to the mortgaged chattels there-
under ; and,

*Second*, that if the mortgage was invalid as against such creditors, the title to
the chattels passed to the assignee named in the general assignment made by the
mortgagors for the benefit of their creditors.

That, in such a case, the sheriff, in order to justify his levy and seizure of the
property, must show a right in his judgment-creditors to take the mortgaged
chattels, and it is not sufficient to show that the party, in whose possession the
chattels were, had no valid title thereto.*

APPEAL by the plaintiff, Samuel T. Guilford, from a judgment
of the Supreme Court, entered in the office of the clerk of the
county of Warren on the 24th day of June, 1890, after a trial
before a referee.

The action was brought to recover the possession of certain chat-
tels which had been levied upon by the sheriff of the county of
Warren under an execution against the firm of Crandell & Boynton.

At the time of the levy the chattels were in the possession of the
plaintiff, who claimed title thereto under a chattel mortgage made
by the firm of Crandell & Boynton to him. The referee found
that the chattel mortgage was fraudulent and void as against the
creditors of the firm of Crandell & Boynton; that the defendant
was entitled to levy upon the said chattels; that the plaintiff was

---

* Code of Civil Procedure, § 1723. — [REP.

not the owner thereof nor entitled to the relief demanded in the complaint, and that the complaint should be dismissed, with costs.

*E. T. Brackett*, for the appellant.

*L. H. Northup*, for the respondent.

LEARNED, P. J.:

This is an action of replevin. The property in dispute belonged in March, 1888, to Crandell & Boynton. In February, 1889, they executed a chattel mortgage thereon to the plaintiff. About the 6th of March, 1889, the plaintiff took possession of the mortgaged property. On the 29th of March, 1889, the plaintiff sold the mortgaged goods by virtue of the mortgage; bid them in and retained the possession until April 20, 1889. On the 12th day of April, 1889, Crandell & Boynton made a general assignment to L. L. Davis. On the 20th day of April, 1889, the defendant, as sheriff, made a levy on the goods in question, and took them from plaintiff's possession by virtue of several executions issued upon judgments recovered upon liabilities of Crandell & Boynton arising prior and subsequent to the 14th day of February, 1889.

This case was tried before a referee, who dismissed the complaint; and from the judgment entered on his report the plaintiff appeals. The appeal is heard on the judgment-roll only, no case having been made. The facts above stated appear in the referee's report.

There are other findings in the referee's report in regard to the permission by the plaintiff to Crandell & Boynton to continue in possession and to carry on business after the mortgage; upon which facts the referee finds, as conclusion of law, that the mortgage is fraudulent and void as to creditors.

The plaintiff urges that there is no finding of fact that the mortgage was fraudulent, and that the facts found, upon which the referee finds, as matter of law, that the mortgage is fraudulent, are insufficient to support that conclusion.

It does not seem to us necessary here to decide whether, on an appeal upon the judgment-roll solely, the court should reverse the judgment because sufficient facts are not found to compel logically the conclusions of law. We have held in other cases that we ought not to reverse a judgment solely on the ground that the facts found

by the referee did not necessarily compel his conclusions of law, although they were consistent with such conclusions. Where the evidence is not before us we may reasonably presume that enough was proved on the trial to make out the additional facts which the referee has not found, and which, with those he has found, would logically lead to his conclusions of law. But, in the present case, the plaintiff urges that the facts actually found by the referee compel a different conclusion of law.

Admitting, for the sake of the argument, that the mortgage was fraudulent as to creditors, it is, nevertheless, a fact that the plaintiff, from the sixth of March down to the day of the levy, was in possession under it. Such possession gave him a right to maintain replevin against any one who took the property as the defendant did. The defendant, then, must show a right to the property in order to justify his taking; this he can only do by connecting himself with the title of Crandell & Boynton, and showing also that plaintiff's title derived from them is fraudulent as to defendant representing creditors.

But the referee has found that eight days before defendant made a levy Crandell & Boynton made a general assignment to L. L. Davis. Now, if plaintiff's chattel mortgage is good as to creditors, clearly defendant has no title   If plaintiff's mortgage is fraudulent as to creditors, then Davis, the general assignee, has, under the well-known statute, the right to set it aside, and the title to the property is in him.

The learned referee, in his opinion, refers to this matter, and says that if the assignment is valid, it vests the title in the assignee; and if the plaintiff shows title in another, that defeats his action. But the mistake is that possession alone is sufficient to maintain plaintiff's action. If the defendant is to justify his taking of the property out of plaintiff's possession, he must prove a title in himself. To prove a title in Davis does not justify the defendant in taking away property from plaintiff's possession, unless the defendant acts under authority of Davis, and that he does not do. It is very plain that the man who takes property from my possession cannot defend his act by showing that the property belongs to my neighbor, unless he acts by that neighbor's authority. (*Wheeler* v. *Lawson*, 103 N. Y., 40; *Loos* v. *Wilkinson*, 110 id., 195.)

If the facts were such that the defendant had shown also that the

assignment to Davis was fraudulent as to the creditors represented by him, then he would have avoided the difficulty which now meets him. By sweeping away as fraudulent both the chattel mortgage and the assignment he would then, through his executions, have connected himself with the title of Crandell & Boynton, and would thus justify his violation of plaintiff's possession.

But if that assignment is not fraudulent, then the assignee has the right to attack the alleged fraudulent chattel mortgage. If he will not do this, creditors can bring the action in aid of the assignment.

As this case, however, now stands upon the findings of fact, we think that the complaint should not have been dismissed.

LANDON and MAYHAM, JJ., concurred.

Judgment reversed, new trial granted, referee discharged, costs to abide event.