(5 Misc. Rep. 100.)

KLINE v. GREEN.

(Rockland County Court.　September 5, 1893.)

LIVERY STABLE KEEPERS—LIEN—ENFORCEMENT.

Where the owner of a horse, in the keeping of plaintiff, a livery stable keeper, obtained possession thereof by fraud, without paying plaintiff's charges, plaintiff may recover possession of the horse, though he has not given the notice mentioned in Laws 1892, c. 91, which provides that one who keeps an animal under an agreement with the owner may detain it until his charges are paid: "provided, however, that notice in writing shall first be given to such owner * * * of the amount of such charges and the intention to detain such animals until such charges shall be paid."

Appeal from justice's court.

Action by Michael Kline against Charles Green to recover possession of a horse.　From a judgment in favor of plaintiff, defendant appeals.　Affirmed.

Alonzo Wheeler, for appellant.

George A. Wyre, for respondent.

WEIANT, J.　This action was brought in a justice's court to recover the possession of a horse of which the defendant was the owner.　The plaintiff was a livery stable keeper, and claims that he was entitled to maintain this action by virtue of his right to a lien upon the horse, under the provisions of chapter 498 of the Laws of 1872, as amended by chapter 145 of the Laws of 1880, and chapter 91 of the Laws of 1892, for keeping and boarding the horse. That statute, as thus amended, enacts that:

"It shall be lawful for all persons keeping any animals at livery or pasture, or boarding the same, for hire, under any agreement with the owner thereof, to detain such animals until all charges under such agreement for the care, * * * board, * * * of such animals shall be paid: provided, however, that notice in writing shall first be given to such owner * * * of the amount of such charges and the intention to detain such animals until such charges shall be paid."

The horse in question had been in the keeping of the plaintiff for some months, and the defendant had made payments on account thereof, and, at the time of the bringing of this action, the sum of about $100 was due the plaintiff from the defendant therefor. The plaintiff claims that the defendant, by deceit and misrepresentation, obtained the actual possession of the horse, and thus wrongfully deprived him of his rights, under the statute cited, to perfect his lien thereunder, and to enforce the same as therein provided.　The evidence sustains his contention.　He brought this action to place himself in legal position to avail himself of his rights to acquire and enforce the authorized lien.　The plaintiff served no notice, however, under the statute, and the defendant contends that the plaintiff has therefore no right to maintain

this action. Had the plaintiff served upon the defendant the required notice, it seems clear, from the authorities construing this statute, that he would have established his right to recover and retain the horse in question to satisfy his claim. The authorities hold that this legislative act is a remedial one, and is entitled to a liberal construction to effectuate its purpose. Eckhard v. Donohue, 9 Daly, 214, and cases there cited. It is in that case held that "all such statutes are to be liberally construed, so as to give full effect to the remedy, in view of the beneficial purpose contemplated by them;" citing Hudler v. Golden, 36 N. Y. 447; Weed v. Tucker, 19 N. Y. 433. The following later cases are to the same effect: Ogle v. King, 2 City Ct. R. 83; Lessells v. Farnsworth, 3 How. Pr. (N. S.) 73, 364. And, according to the construction given to this statute by these authorities, it is not essential that the notice of lien should have been served at the time the owner demands the surrender of the animal, in order to justify the keeper in his refusal to deliver up the same. He is entitled to a reasonable time within which to prepare and serve the required notice, and to hold possession of the animal in the mean time as against the owner. The authorities cited so hold and decide; and, under these decisions, the plaintiff would have been entitled to recover had he served his notice of lien prior to the bringing of the action. In Eckhard v. Donohue, supra, the action was in replevin by the owner to recover the animal from the livery stable keeper, and it was held that the owner could not recover. The converse must necessarily follow,—that the livery keeper could have recovered, under the same facts and circumstances, if he had been the plaintiff. It is true that in those cases the liveryman had served the statutory notice before suit, and acquired his lien, while here the plaintiff had not. But he had, nevertheless, a right to acquire his lien; and, as we have seen from the cases cited, construing the statute, he had the right to hold possession of the horse a reasonable time, after the owner should demand the same, within which to prepare and give the requisite notice to acquire his lien. Here no demand was made by the owner of a surrender of the horse, and consequently no opportunity given the plaintiff to prepare and serve his notice while the horse was actually in his possession. He was entitled to possession of the horse for such purpose, and thereafter to retain such possession to enforce his lien. As was indicated in Lessells v. Farnsworth, supra, the statute contemplates the giving of redress to the keeper or boarder in such a case as this. There is supposed to be, as there was quite necessarily in this case, a running account from day to day, week to week, or month to month, for the keeping and boarding of the horse; and, if the right of the keeper to retain possession at all times and under all circumstances depended upon his having perfected his lien by giving the statutory notice, he would be obliged to be continually giving notices of his charges and lien. The statute should not receive such an unreasonable and impracticable construction. It seems

that, under the facts and circumstances of this case, the fact that the plaintiff had not, at the time of commencing this action,. given the notice of his claim, should not defeat his recovery of the possession of the horse. It is perfectly clear, and stands without controversy, that, when the defendant obtained possession of the horse, the plaintiff had the legal right to its possession under the statute. He never lost or surrendered that right. It appears from the evidence that the defendant obtained the actual possession of the horse by deceit and misrepresentation, and, in law, the plaintiff, for the purposes of this action, should be regarded as in the lawful possession of the horse, and having the right to bring it into his actual possession, that he may avail himself of his right to give the proper notice, and retain the animal to satisfy his claim, as provided by the statute. This construction is essential to a just protection of the plaintiff's rights, and it works no injustice to the defendant. The latter wrongfully obtained possession of the horse, and he has no reason to complain if he be compelled to restore the horse to the plaintiff, so that the matter may be dealt with precisely as it stood when he committed the wrongful act. By such wrongful methods, if they are to prevail, an unscrupulous debtor could thus cut off the livery keeper or boarder altogether from his lien and security. Such a construction of this statute as permitted an owner by his own wrongful act to defeat a lienor, or one having a right to such lien, would, in cases similar to this, defeat the purpose of the statute. The plaintiff, for the purposes of this action, should therefore be regarded as in the lawful possession of the horse in question, and as having the right to bring it to his actual possession and custody, in order that he may avail himself of his right under the statute. A person who has a right to immediate possession of such property may maintain this action. 2 Wait, Law & Pr. (2d Ed.) 185; Guilford v. Mills, (Sup.) 11 N. Y. Supp. 261–263. Whenever the plaintiff is entitled by law to the immediate possession of the property as against the defendant, the action will lie. 2 Wait, Law & Pr. 190. A person who has a valid lien upon goods and chattels may recover their possession from their actual owner for the purpose of retaining them until his claim is satisfied, if such owner obtained possession of them unlawfully or fraudulently. 1 Wait, Law & Pr. (2d Ed.) 867; citing Baker v. Hoag, 7 Barb. 113, 7 N.. Y. 555. In Bigelow v. Heaton, 6 Hill, 43, it was held that a common carrier does not lose his lien when he has been induced to. deliver the goods to the consignee upon a false and fraudulent. promise by the latter that he would pay the freight as soon as. the goods were delivered. If the price is not paid in such a case,. the carrier may maintain replevin to recover possession of the. property. Id. There was no waiver by the plaintiff of his rights.. The evidence is strongly affirmative that he at all times claimed and insisted upon the same.

No other points are urged for a reversal of the judgment, except a single ruling of the justice in taking the testimony. The

witness Van Clup, in behalf of the plaintiff, was asked this question: "Did you receive orders from Kline in relation to letting Mr. Green have the horse?" The witness answers, "Yes," and states when, but not what the orders were. The ruling just preceding this question excluded the inquiry of what the orders were, indicating that the justice intended to exclude from consideration what orders were given. The fact that orders were given in the absence of the defendant worked no injury to him, so long as the directions were excluded, and it might be that the answer was competent to show the authority of the witness as an employe of the plaintiff. There was no error in this ruling. The judgment of the justice's court is accordingly affirmed, with costs.