B. M. HAMMOND v. E. R. TARVER, RECEIVER, ETC.

No. 782.—Decided March 9, 1896.

1. **Application for Writ of Error—Assignment of Errors.**

Hodo v. Railway, 88 Texas, 523, adhered to. The petition for writ of error must contain an assignment of errors expressly and directly indicating the matters complained of. [10 days allowed in which to amend.] (P. 291.)

2. **Same—Rule.**

Amended Rule 1 (87 Texas, p. XXXVII) of rules for this court specifies what a petition shall, and what it shall not, contain. It should not repeat what appears elsewhere in the papers made part of the application. Members of the bar are admonished that the rule will be enforced. (P. 291.)

3. **Parties—Foreclosure.**

In this State the trustee in a mortgage on lands to secure an issue of bonds is not a necessary party to a suit to foreclose it. The failure to make such trustee a party to the foreclosure suit will not invalidate the judgment. (P. 293.)

4. **Parties—Numerous Beneficiaries.**

When a number of persons have a common interest in the foreclosure of a mortgage, e. g., the holders of bonds secured thereby, any one or more of them may bring suit for the benefit of all interested in the foreclosure. A sale under a judgment in such proceedings will conclude all the beneficiaries. (P. 294.)

APPLICATION for writ of error to the Court of Civil Appeals for Fourth District in an appeal from Webb County.

The application for writ of error contained a detailed statement of the pleadings, the ruling of the court sustaining exceptions to the answer, and the final judgment for the plaintiff. Following was set out the grounds urged by the defendants for a rehearing in the Court of Civil Appeals, that court having affirmed the judgment of the trial court. It was complained that the action of the Court of Civil Appeals upon the motion was erroneous. An elaborate argument with authorities followed. The specific errors were not otherwise indicated.

*J. O. Nicholson,* for application.

GAINES, CHIEF JUSTICE.—The mode of assigning errors in the petition for a writ of error in this case is substanially the same as that adopted in the case of Hodo v. Railway, in which we have this day allowed the applicant ten days in which to amend his application in that particular. The purported assignments in this petition cannot, therefore, be considered.

We are of opinion, also, that the full statement of the case made in the opinion of the Court of Civil Appeals renders any additional preliminary statement in the petition unnecessary and improper. Amended Rule 1, of rules for this court, specifies distinctly what a petition for a writ of error shall, and what it shall not, contain; and was intended to relieve counsel of the necessity of repeating what appeared elsewhere in the papers, which are made a part of the application; and to relieve the court, as well, of the labor of reading unnecessary averments. Some petitions presented since the rule took effect evince, either that counsel have mistaken the rule, or that they were not disposed to regard it. We take occasion to admonish the bar that the rule will be strictly enforced, and that a failure to observe it will result either in a delay of the case or a dismissal of the application.

The applicant in this case will be allowed ten days in which to amend his petition. Should he fail to do so within the time prescribed, it will be dismissed.

Opinion delivered October 24, 1895.

The application having been amended the writ was refused. Applicant moved for rehearing.

*J. O. Nicholson,* for motion.—A decree of foreclosure—wherein the trustee has been omitted without cause, is subject to collateral attack, and conveys no title that will be valid against non-assenting parties. Wiltsie on Mortgage Foreclosures (1889 ed.), sec. 146; Stevens v. Union Trust Co., 57 Hun., 493; Barry v. Railroad, 22 Fed. Rep., 631; Raht v. Attrill, 13 N. E. Rep., 282; Mercantile Trust Co. v. Railway, 10 Fed. Rep., 604; Harrland v. Bankers, etc., Co., 32 Fed. Rep., 305; Harris v. Cornell, 80 Ill., 54; Gardner v. Brown, 21 Wall., 36-41; Barb v. Poole, 12 N. Y., 495-508.

The trustee and any one of the omitted bondholders may—by reason of this want of indispensable parties—attack the sale. Raht v. Attrill, supra; Stevens v. Union Trust Co., 57 Hun., 493; Mercantile Trust Co. v. Railway, 10 Fed. Rep., 604; Hambrick v. Russell, 86 Ala., 199; Comer v. Bray, 83 Ala., 217; Prout v. Hoge, 57 Ala., 28; Glidden v. Andrews, 10 Ala., 166; Harrland v. Railway, 32 Fed. Rep., 305; Harris v. Cornell, 80 Ill., 54; Gardner v. Brown, 31 Wall., 36; Barb. v. Poole, 12 N. Y., 495; Barry v. Railway, 22 Fed. Rep., 631; Goodall v. Mopley, 405 Ind., 355; Brooks v. Brooke, 12 Gill & J., 306; Watson v. Spence, 20 Wend., 260; Tucker v. Silver, 9 Iowa, 261; Morgan v. Railway, 15 Fed. Rep., 55.

BROWN, Associate Justice.—On Motion for Rehearing of Application.—The application for writ of error in this case having been refused, the applicants filed a motion for a rehearing, and we are requested to express in writing the reasons for refusing the application. The question involved is deemed of sufficient importance to justify us in complying with this request.

In order that we may be understood, it is necessary to briefly state the facts as presented to this court.

The Laredo Improvement Company, a corporation, issued 500 bonds for $1000 each, and executed and delivered to the Manhattan Trust Company, of New York, a deed of trust upon its property to secure the payment of all of the said bonds. In a suit entitled W. Schowalter against the Laredo Improvement Company, in the District Court of Webb County, the property of the defendant, the Improvement Company, was placed in the hands of a receiver. At a subsequent date, the National Bank of Galveston intervened in the said cause, claiming to be the owner of 431 of said bonds, and prayed the court to foreclose the said deed of trust and to order the sale of the property for the payment of the said bonds, and judgment was entered in accordance therewith. B. M. Hammond purchased the property at a sale made by the receiver under the order of the court, paying one-third cash and giving his note for two-thirds of the purchase money, in accordance with the terms of the order of sale made by the court. The sale was confirmed, a deed made and the property delivered to the purchaser. The Electric Railway Company purchased a part of the property from Hammond and was made a defendant in the suit. The notes given by Hammond not having been paid, suit was brought by the receiver for their enforcement of the said lien upon the property and judgment against Hammond.

Hammond and the Electric Railway Company answered, setting up, among other things, the facts before stated in regard to the sale, and further that at the time of the purchase by Hammond it was represented by the receiver that the sale would convey the title to the said property free from all liens thereon and that the said Hammond, in purchasing the said property, relied upon the representations of the receiver and upon the order of the court directing the said property to be

sold, which also recited that the said property should, when sold, be free from all existing liens. It was alleged in the answer that in the intervention of the National Bank of Galveston, the trustee, the Manhattan Trust Company of New York, and W. H. Wright, the holder of 69 of the said bonds, were not made parties to the said proceeding. Wright is alleged to be a citizen of the State of Louisiana, and it is further alleged in the said answer that the said W. H. Wright has instituted suit in the United States Circuit Court at San Antonio upon the said 69 bonds against the Laredo Improvement Company and to foreclose the lien of the said trust deed upon the property. The suit of W. Schowalter against the Laredo Improvement Company, in which the receiver was appointed, is still pending in the District Court of Webb County, the receiver still being in office and having charge of the assets of the said defendant company. The defendants allege that the Improvement Company is insolvent, and that if the said Wright shall maintain his suit and foreclose the said mortgage upon the property for the 69 bonds, the said Hammond and the Electric Railway Company will suffer irreparable injury and cannot be reimbursed by the said Laredo Improvement Company or out of any funds in the hands of the receiver belonging to it.

The defendant Hammond and the Electric Railway Company pray that the suit upon the notes be stayed until it be determined whether or not the said Wright shall be allowed to foreclose the said mortgage and subject the property to the payment of the said 69 bonds, and for general relief.

The District Court sustained a demurrer to this clause of the answer, which judgment was affirmed by the Court of Civil Appeals and the correctness of that judgment is now presented upon this application for writ of error.

This is in effect a collateral attack upon the judgment of the District Court of Webb County ordering and confirming the sale of the property under foreclosure of the deed of trust, and the question is presented that the judgment of the District Court is void as to W. H. Wright, because neither he nor the trustee in the said deed of trust were made parties to the suit.

In determining this motion, we are to consider the facts alleged in the answer as being true, but at the same time we will presume the existence of every fact necessary to support the judgment which is not negatived by the allegations of the answer.

The facts alleged as showing the judgment to be invalid are: (1) that the trustee in the mortgage was not a party to the intervention under which it was foreclosed; (2) that the holders of the sixty-nine bonds not belonging to the National Bank of Galveston were not parties to the proceeding.

In this State the trustee in such a mortgage as this does not take the legal title and is not a necessary party to a suit to foreclose it. (Shelby v. Burtis, 18 Texas, 645.) The failure to make the trustee party to a suit for foreclosure will not invalidate the judgment.

When there are a number of persons having a common interest in the foreclosure of a mortgage, as, for instance, the holders of bonds secured thereby, any one or more of them may bring suit in his or their own right and for the benefit of all others interested in the foreclosure of the mortgage, and the court will enter judgment of foreclosure and sale, protecting the rights of those who are not actually parties to the suit, and such judgment of foreclosure and the sale thereunder will pass title to the property as against all persons so interested. (Jones on Mort., Vol. 2, sec. 1385; Jones on Railroad Securities, sec. 434; Railway v. Cowdrey, 11 Wall., 459; Smith v. Swormstedt, 16 How., 288; Campbell v. Railway, 1 Wood, 368; Wilmer v. Railway, 2 Wood, 447; March v. Railway, 40 N. H., 548; Mason v. Railway, 52 Me., 82.)

The judgment of the District Court of Webb County, by which the property was ordered to be sold, provided for the payment of all of the bonds out of the proceeds of sale, and we must presume that the pleading and evidence before the court were such as to support that judgment.

The fact that all of the sixty-nine bonds may have been at the time owned by one person (which, however, is not alleged) cannot affect the validity of the judgment. There were outstanding sixty-nine of these bonds, which might have been owned by as many or more persons, all unknown to the intervenor and the court at the time, and this state of facts would be sufficient to justify the court in proceeding to enter judgment as it did.

The District Court did not err in sustaining the demurrer to that portion of the defendants' answer referred to above, and this motion for a rehearing of the application for writ of error is therefore overruled.

*Refused.*