## EL PASO TOWNSITE CO. et al. v. WATTS. (No. 1156.)

(Court of Civil Appeals of Texas. El Paso. Jan. 13, 1921. Rehearing Denied Feb. 10, 1921.)

1. Trial ⏌15—Litigant not entitled as matter of right to have bar committee set case down for trial.

A litigant cannot, as matter of right, have his case set down for trial by the bar committee of the county, especially where the court has made no order authorizing such committee to set the cases for call on the trial docket or to set this particular case, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1943, providing that all suits shall be called in the order in which they stand on the docket, unless otherwise ordered by the court.

2. Continuance ⏌11—Court did not err in refusing to postpone case.

Court did not err in refusing to postpone a hearing to a future day of the term on the ground that on a former partial hearing of the case in another district it developed that other parties than plaintiff owned or had an interest in the note sued on, since the court trying the case could, on the hearing, determine the question as to the necessity of bringing in other parties; the note being made payable to plaintiff.

3. Bills and notes ⏌443(1)—The fact that plaintiff is not owner of note no defense.

In an action on a note and lien the fact that plaintiff is not the real owner and holder

of the note is not a matter of defense, either in bar or in abatement, and where the note itself shows the rights of plaintiff to sue at law, an inquiry as to whether there was an equitable owner aside from and behind the legal ownership is not essential to the right of defendants, unless there is a matter of defense between defendants and equitable owner, and even if it does appear, such defense will not exclude the note and indorsements thereon as evidence.

**4. Evidence ⬧185(1)—Copy of paper in possession of opponent held properly admitted, although notice not given.**

A copy of an instrument was properly admitted in evidence, although the notice required by Vernon's Sayles' Ann. Civ. St. 1914, art. 3700, was not given, and the original was not filed among the papers, where plaintiff alleged that such instrument had been recorded and was in the possession of defendant, and called upon defendant to produce the same in court upon the trial.

**5. Mortgages ⬧483—Judgment of foreclosure against a disclaiming defendant not error.**

In an action to foreclose a deed of trust on real estate, there was no reversible error in directing a foreclosure as to a defendant who disclaimed; there being no plea as to him.

**6. Bills and notes ⬧443(1)—Immaterial under what right person suing was owner.**

In an action on a note and to foreclose a deed of trust to land, a claim that plaintiff sued as payee and owner of the note and recovered as indorsee was without merit, since it was immaterial under what right he was the owner and holder of the note.

**7. Corporations ⬧389—Company assumed to have authority to agree to extension of notes and lien in absence of showing to contrary.**

In the absence of pleading and proof to the contrary, the court must assume that a corporation, if it was authorized to make notes sued on and to create a lien on property to secure them, had the authority to provide for their payment and to agree on an extension of due dates of the notes and the lien, and one suing on the note and to foreclose the lien need not allege that the corporation had the power to agree to such extension.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by J. J. Watts against the El Paso Townsite Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Jones, Jones, Hardie & Grambling and M. W. Stanton, all of El Paso, for appellants.

Neill & Armstrong, of El Paso, for appellee.

WALTHALL, J. This suit was brought by appellee, J. J. Watts, against El Paso Townsite Company, a corporation, E. B. Donaldson, as trustee in a deed of trust, M. W. Stanton, individually and as trustee with an in-

terest, Lloyd W. Stanton, Marvin W. Stanton and Hale McClure Stanton, the last named two, minors, to recover on two promissory notes, one in the sum of $2,500, and the interest note in the sum of $100, and to foreclose the deed of trust on certain real estate situate in the city and county of El Paso, Tex., given by the appellant El Paso Townsite Company to plaintiff to secure the above principal note, interest, and costs, including attorney's fees, as expressed in the principal note, and an assumption of the payment of the notes by defendant M. W. Stanton, expressed in the writing.

The suit was filed on March 25, 1919, and was tried on appellee's second amended original petition, and defendant's first amended original answer. We need not state the issues presented in the pleadings of these parties, as is done in briefs filed, other than those upon which the trial was had, except as it might be necessary in discussing questions arising thereon and presented in some one or more of the assignments.

Defendant Donaldson filed a disclaimer. M. W. Stanton was appointed guardian ad litem for the two minors, and filed answer for himself, individually and as trustee, and as guardian ad litem for the two minors. Lloyd W. Stanton joins in the answer of the other defendants. The answers of defendants, other than that of Donaldson, embraced a motion to make parties, motion to strike out the disclaimer of defendant Donaldson, nonjoinder of necessary parties, special exceptions, general denial, payment of the sum of $1,500 on the notes by defendant M. W. Stanton, want of authority in the El Paso Townsite Company to extend the due date of the principal note.

The trial resulted in an instructed verdict for appellee and against the El Paso Townsite Company and M. W. Stanton, individually, in the sum of $1,528.46, and interest from date of judgment, and attorney's fees, and for foreclosure of the lien expressed in the trust deed on the real estate described, as to all defendants. All defendants, except Donaldson, excepted and gave notice, and have perfected an appeal.

Appellant's first assignment, submitted as a proposition, reads:

"The trial court erred in overruling and not sustaining the third ground or paragraph of the motion of defendant filed on May 3, 1920, in that the court thereby erred in peremptorily setting down said cause in violation of the rules of the bar committee, and over the protest and objections of the defendants made in open court, as fully shown by said motions and bills of exceptions based thereon. (a) In this connection the trial court erred in failing and refusing to postpone the hearing of said cause, and in forcing an immediate trial thereof, after the plaintiff had failed and refused to have said cause set by the bar committee and rules there-

of, as fully shown by said motions and bills of exceptions based thereon."

The case was originally filed in the Forty-First judicial district court on March 25, 1919, and thereafter transferred to the Sixty-Fifth district court for trial. After announcement of ready to try in the latter court and the trial had proceeded to some length, by consent of all parties, the announcement of ready to try was withdrawn on application of plaintiff. After reciting the above facts the order of the court proceeds as follows:

"Therefore be it ordered, adjudged, and decreed that the plaintiff's announcement of ready be, and the same is, hereby withdrawn, and cause postponed, to be set in regular order."

Thereafter the Sixty-Fifth district court on its own motion retransferred the case to the Forty-First district court for trial. Thereafter the last-named court granted defendants leave to amend, whereupon defendants filed their first amended original answer in said court upon which they went to trial. In that amendment defendants sought to have the court, on various grounds, to retransfer the case to the Sixty-Fifth district court for trial, and to refer the case to the bar committee for setting.

The only error urged in the assignment is that the court set the case for trial in its regular order, and overruled defendants' motion and insistence that the case be set for trial by the bar committee of El Paso county, under its rules and regulations for setting civil cases for trial in the district courts of El Paso county.

[1, 2] It is sufficient to say that the statutes of this state, article 1943, and those immediately following, provide that all suits shall be called in the order in which they stand on the docket to which they severally belong, unless otherwise ordered by the court, and tried when called, unless continued or postponed to a future day of the term, or placed at the end of the docket to be called again for trial in regular order. The Legislature has never recognized, so far as we know, any bar committee in any of the counties in this state, as having jurisdiction or power over or in connection with, or in aid of the courts in setting cases for trial, whether in or out of the regular order for trial. It is not shown here that the Forty-First district, by order, had authorized the bar committee to set cases in that court for trial, or to set this particular case. There is no doubt but that the bar committee has well and long rendered most efficient service to the district courts in El Paso county in setting civil cases for call; but it can hardly be claimed that a litigant can, as a matter of right, have his case set down for trial by the bar committee; especially is that true where the court in which the case is pending has made no order authorizing the bar committee to set the cases for call on the trial docket, or to set this particular case. Appellants do not show that their interests were in any wise prejudiced by the refusal of the court to refer the setting of the case to the bar committee. The court was not in error, as suggested in the second assignment, in refusing to postpone the hearing to a future day of the term, on the ground, as stated, that on the former partial hearing of the case in the Sixty-Fifth district court it developed that other parties than plaintiff owned or had an interest in the note sued on. The court trying the case could, on the hearing, determine the question as to the necessity of bringing in other parties having or claiming to have an interest in the subject-matter of the suit. The notes were made payable to plaintiff.

[3] The third assignment presents no reversible error.

The fourth assignment claims error on the ground and to the effect that there was "variance between the allegation of said note and indorsement thereon as to the ownership thereof," and that because of said variance the note should not have been admitted in evidence over objection. The case was tried on appellee's second amended original petition. The $2,500 note sued upon is made payable to appellee, or order, a copy of which was attached to and made a part of the original petition, marked as an exhibit, referred to and by reference made a part of the second amended petition. Plaintiff alleged that he is the owner of said notes and lien. The petition makes no mention of any indorsements on the principal note. The principal note is indorsed as follows:

"Pay to the order of A. R. Smyth, without recourse on me. Jas. J. Watts. Without recourse on me, A. R. Smyth."

The court was not in error in admitting the note in evidence because of variance. It has been the uniform holding in this state since Judge Lipscomb wrote the opinion in Thompson v. Cartwright, 1 Tex. 87, 46 Am. Dec. 95, and, conceding for the purpose of answering the argument that plaintiff is not the real owner and holder of the note, such naked fact would not be matter of defense, either in bar or in abatement. As said in that case, quoting from Chancellor Walworth's opinion in Garr v. Gomez, 9 Wend. (N. Y.) 653:

"It * * * frequently happens that a person is the lawful holder of negotiable paper as the mere naked trustee of another and for the purpose of collecting the same in his own name for the benefit of the real owner, and if a suit * * * is brought in the name of such holder, the defendant cannot object that the plaintiff is not the real owner."

The note itself in this case shows the right of plaintiff to sue at law, and an inquiry as to whether there was an equitable owner,

aside from and behind the legal ownership, was not essential to the rights of defendants unless there was matter of defense between defendants and the equitable owner, which does not appear, and, if it did appear, such defense would not exclude the note as evidence. As said in Thompson v. Cartwright, supra:

"The inquiry, who was the real owner, could only have been a matter of idle curiosity."

What has been said above applies to the fifth assignment, complaining of the admission in evidence of the indorsements on the note.

[4] The sixth assignment asserts prejudicial error in admitting in evidence over objection, as not being the best evidence, a copy of an instrument purporting to have been executed by El Paso Townsite Company by John Summerfield, its president, as grantor, and M. W. Stanton, as grantee, and purporting to convey the property in controversy. The instrument referred to is fully set out in plaintiff's petition, and is the instrument plaintiff seeks to foreclose in this suit, as expressing a lien to secure the indebtedness sued on. It is the contention that the instrument had not been filed among the papers and notice given, as required under article 3700, V. S. The instrument was duly acknowledged and recorded. Defendants' contention is that the instrument was admissible in evidence only as against El Paso Townsite Company. Plaintiff alleged that said instrument was filed for record and recorded, giving dates of filing and pages of the record, and better known to defendant than to plaintiff, and that said instrument is in the possession of defendant, and calls upon defendant to produce same in court upon the trial. Neither the original instrument nor a copy thereof was filed among the papers, or predicate laid, other than notice to defendants to produce the instrument, in the pleading. Defendants nowhere deny that they are in possession of the admitted instrument, nor do they undertake to account for its possession.

The following cases decide the question presented against appellants' contention: Harlan v. Harlan, 125 S. W. 950; Denman v. James, 180 S. W. 1157; Stewart v. Thomas, 179 S. W. 886.

In Reliance Lumber Co. v. W. U. Tel. Co., 58 Tex. 394, 44 Am. Rep. 620, the Supreme Court followed the rule laid down in Hamilton v. Rice, 15 Tex. 385, in which it was said:

"And the rule is, that where, from the nature of the action, the party has notice that his adversary intends to charge him with the possession of an instrument, notice to produce it is unnecessary; and this is an exception to the general rule as well established as the rule itself. 1 Greenl. Ev. § 561."

Assignments 7 and 8 present practically the same question as does assignment 6, and are overruled.

[5, 6] Assignments 9 and 10 claim error, in that the court directed a verdict in favor of plaintiff and against defendants, El Paso Townsite Company and M. W. Stanton, in the sum stated, and the foreclosure of the lien, the ground of error being that plaintiff sued as payee and owner of the note and recovered as indorsee, and that plaintiff could not have a foreclosure against Donaldson, trustee; he having disclaimed. The first ground is not true to the record. There is nothing in the evidence nor in the judgment indicating the ground upon which plaintiff recovered to be other than that he was payee and the owner and holder of the notes. As shown in discussing other assignments, it would be immaterial under what right he was the owner and holder of the notes. There was no reversible error in directing a foreclosure as to Donaldson. Hammond v. Tarver, 89 Tex. 290, 32 S. W. 511, 34 S. W. 729; McLane v. Haydon, 160 S. W. 1146.

Assignments 11 and 12 are grouped. The latter is a repetition of questions presented in the fourth assignment as to want of ownership of the notes. The eleventh assignment insists that the evidence fails to show that M. W. Stanton ever had or held any interest in the property described in the petition and involved here. We think the indenture declared upon and read in evidence, fully described in plaintiff's second amended petition, fully shows the conveyance from the El Paso Townsite Company to M. W. Stanton. The contract therein recited shows that a part of the consideration for the conveyance was the assumption by him of the obligations sued upon, and his pleading and proof shows that he had paid some several hundred dollars of the indebtedness sued upon, sufficient, in the absence of any pleading or evidence to the contrary, to show that he had and held an interest in the property.

The thirteenth assignment suggests error to the overruling of a special exception to the petition. The petition alleged that the El Paso Townsite Company on July 7, 1916, desired to extend the due date of the obligations sued on, and that Watts, the payee in the obligations, was willing to extend the dates of payments, so that the payments would become due on July 7, 1918. Plaintiff did not allege that the El Paso Townsite Company, a corporation, had the power and authority to agree to such extension. It is insisted that the petition was insufficient in the particular pointed out by the exception, and that it was error to overrule the exception.

[7] Appellants refer us to no authority sustaining their contention. We are not advised by the record as to the charter powers granted the El Paso Townsite Company, so we must assume, in the absence of pleading and proof to the contrary, that the corporation, if it was authorized to make the notes sued on, and to create the lien on the proper-

ty to secure them, it had the authority to provide for their payment, and to agree on an extension of the due dates of the notes and lien. The extensions of the due dates of the notes had been made before the interests and liabilities of the other defendants attached.

There is no merit under the facts of this case, in the fourteenth assignment complaining of the overruling of defendants' motion to strike out the disclaimer of Donaldson. We think he had the right to disclaim; appellants had no plea as to him, as they show no injury or prejudice to their interests by reason of his disclaimer.

Finding no reversible error the case is affirmed.