## SNEED v. JOYCE LAND & CATTLE CO.
### (No. 2158.)

(Court of Civil Appeals of Texas. Amarillo.
June 20, 1923. Rehearing Denied
Oct. 3, 1923.)

**1. Corporations ⊕═514(1)—Allegation that plaintiff duly incorporated held sufficient.**

Under Rev. St. art. 1822, in absence of denial by affidavit, allegation in petition that plaintiff was corporation duly incorporated, with principal office and place of business in W. county, Tex., was sufficient, without alleging whether it was incorporated under laws of Texas, or had permit to do business therein.

**2. Mortgages ⊕═427(2)—Trustee not necessary party to foreclosure suit.**

Trustee under deed of trust does not take legal title and is not necessary party to suit to foreclose it.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by the Joyce Land & Cattle Company against J. B. Sneed. From a judgment for plaintiff, defendant appeals. Affirmed.

Joseph H. Aynesworth, of Wichita Falls, for appellant.
Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellee.

KLETT, J. The Joyce Land & Cattle Company, alleging itself to be "a corporation, duly incorporated, with its principal office and place of business in Wichita county, Texas," obtained judgment by default for $7,188.99, with decree foreclosing deed of trust executed by appellant on real estate to secure the note sued upon.

[1] Appellant attacks the petition containing the foregoing allegation for failure to show that the plaintiff company was incorporated under the laws of Texas or had a permit to do business in Texas. This point was not presented to or passed upon by the trial court. We think the allegation, in the absence of a denial by affidavit, meets the requirement of article 1822 of the Texas statute, which declares that "it shall be sufficient to allege that such corporation was duly incorporated." Houston Waterworks v. Kennedy, 70 Tex. 233, 8 S. W. 36; Way v. Sumner Bank (Tex. Civ. App.) 30 S. W. 497, 14a C. J. 821, § 2934.

[2] We are also of the opinion that it was not necessary to make the trustee in the deed of trust a party to the suit. In this state the trustee in such a mortgage does not take the legal title and is not a necessary party to a suit to foreclose it. Hammond v. Tarver, 89 Tex. 290, 32 S. W. 511, 34 S. W. 729; Perryman v. Smith (Tex. Civ. App.) 32 S. W. 349; Cobb v. Bryan (Tex. Civ. App.) 97 S. W. 515.

The judgment of the trial court is affirmed.

---

## SHUTTLE BROS. & LEWIS v. AMERICAN STATE BANK OF BURKBURNETT.
### (No. 2166.)

(Court of Civil Appeals of Texas. Amarillo.
June 13, 1923. Rehearing Denied
Oct. 3, 1923.)

**Factors ⊕═52—Sale by bank of diamond deposited by factor as security for personal debt held to render bank liable to principal for conversion.**

If B. had possession of diamonds as plaintiff's factor, and pledged one of them to a bank to secure his personal debt, the bank, on refusal to deliver the diamond to plaintiff and subsequent sale thereof, *held* liable for conversion.

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by Shuttle Bros. & Lewis against the American State Bank of Burkburnett. From an adverse judgment, plaintiff appeals. Reversed and remanded.

Cox, Fulton & Myers, of Wichita Falls, for appellant.
Fischer & Fischer, of Wichita Falls, for appellee.

BOYCE, J. We are of the opinion that the evidence will not sustain the conclusion that the diamonds shipped to Benedict on May 11, 1920, in pursuance to Benedict's letter of May 9th, were shipped on open account, and that the relation resulting therefrom between Benedict and plaintiff was that of debtor and creditor, and not that of principal and factor. Milburn Mfg. Co. v. Peak, 89 Tex. 209, 34 S. W. 102. If Benedict had possession of the diamonds as factor, and pledged one of them to the bank to secure his personal debt, then the bank, on refusal to deliver the diamond to plaintiff and subsequent sale thereof, was liable to plaintiff for conversion of its property. McCreary v. Gaines, 55 Tex. 485, 40 Am. Rep. 818; Chase-Hackley Piano Co. v. Clymer (Tex. Civ. App.) 202 S. W. 214.

The evidence of identity of the diamond pledged by Benedict to the bank with one of the diamonds in the shipment of May 11th is not as satisfactory as it might be. While the court did not expressly find one way or the other as to such matter, the findings announced assume that identity was established, and we would not be warranted in affirming the judgment, on the theory that it was based on a finding of failure to identify the diamond alleged to have been converted.

The judgment is therefore reversed and remanded.