### HAMILTON et al. v. RIDDEL.
### No. 4015.

Court of Civil Appeals of Texas. Amarillo.
May 17, 1933.

Lockhart & Garrard, of Lubbock, for appellants.

Carl Rountree, of Lamesa, for appellee.

HALL, Chief Justice.

The following statement of the nature and result of the suit, concurred in by both parties, is adopted:

"This suit was filed by Roy Riddel, as plaintiff, against M. C. Hamilton, Lennie Mae Hamilton, J. N. Sikes, and Pauline Sikes, alleging that on or about the 2d day of February, 1927, Hamilton and wife executed to the San Antonio Joint Stock Land Bank a deed of trust on section 25, block H, in Lynn county, Tex., to secure the payment of a note in the principal sum of $12,800, payable as therein set out; that the annual principal and interest due on said loan on January 1, 1931, amounted to the sum of $939.84; that plaintiff paid said sum, and secured from the San Antonio Joint Stock Land Bank an assignment thereof, and that he was now the owner of the lien to secure said sum; that thereafter J. N. Sikes assumed payment of the loan, and became obligated therefor, that plaintiff had placed said indebtedness in the hands of an attorney for collection; and that by reason thereof the 10 per cent. attorney's fees provided for in said note had accrued. He prayed for judgment for the amount of his debt against M. C. Hamilton and J. N. Sikes, and for foreclosure of his liens against all of the defendants.

"Defendants answered by general demurrer and general denial, and the defendants Hamilton and wife specially alleged that on or about the 24th day of December, 1930, J. N. Sikes was the owner of said land; that Sikes, together with Hamilton, being indebted to the First National Bank of O'Donnell, secured the same with a deed of trust on the section of land above described. That thereafter said bank brought suit on its debt and secured a judgment, and had the land sold thereunder, and that it was bought in by J. L. Shoemaker, Jr., who took title to said property in his name, but in trust for the use and benefit of the First National Bank of O'Donnell.

"That on or about the 8th day of February, A. D. 1932, while said bank was the owner of said land, said bank paid to the San Antonio Joint Stock Land Bank the indebtedness sued on by plaintiff, and that, while the lien was transferred by the San Antonio Joint Stock Land Bank to the plaintiff, Riddel, in fact, such lien, if any exists, was on the 8th day of February, and is at this time the property of the First National Bank of O'Donnell, Tex., and that, since the First National Bank of O'Donnell was the owner of said land at the time they acquired said lien, said lien was fully and completely extinguished. That the said Roy Riddel, plaintiff, was not the owner of the indebtedness and note sued on, and should not be permitted to maintain this suit, or to recover any judgment herein."

The First National Bank of O'Donnell was not made a party to the suit.

Trial was had before the court, who rendered judgment in favor of the plaintiff for the indebtedness claimed to be due, and for foreclosure of a deed of trust lien on the section of land above described.

We find no statement of facts in the record. We state the substance of the court's findings as follows: On March 2, 1929, Earl

Morrison, the then owner of the land involved, conveyed the same to J. N. Sikes, and as part consideration Sikes executed and delivered to Morrison ten promissory notes in the sum of $750 which retain the vendor's lien. Thereafter Morrison transferred the notes to one Toombs, who in turn, on the 14th day of January, 1932, transferred the notes to Mrs. Lennie Mae Hamilton. The court finds that the lien securing these notes is inferior to the deed of trust lien in favor of the San Antonio Joint Stock Land Bank, and that the deed of trust lien foreclosed by the First National Bank of O'Donnell, hereafter referred to, in cause No. 843 on the docket of the district court, was a third lien; that on February 25, 1927, M. C. Hamilton and wife, Lennie Mae Hamilton, executed a deed of trust conveying the land involved to William B. Lupe, as trustee for said San Antonio land bank, to secure an indebtedness of $12,800. On December 4, 1930, Sikes was the owner of the land, and on that day he and Hamilton were indebted to the First National Bank of O'Donnell in the sum of $1,164.35. The bank sued them and recovered a judgment in cause No. 845 on the docket of the district court of Lynn county, execution was issued, levied upon the land, and at the sale J. L. Shoemaker, an officer and director of the bank of O'Donnell, became the purchaser thereof, and title was taken in his name for the use and benefit of the O'Donnell bank. On February 8, 1932, the O'Donnell bank paid the San Antonio Land Bank the sum of $864, being the amount of the interest and part of the principal due on the indebtedness from Hamilton and wife to the land bank, and, at the instance of the O'Donnell bank, the lien evidenced by said notes and interest was assigned to the plaintiff in this case, Roy Riddel. The court finds that Riddel holds the notes in his name but for the use and benefit of the O'Donnell bank, and that said evidences of debt are owned by that bank and carried as part of the assets thereof. The court further finds that on January 21, 1932, J. L. Shoemaker filed suit in the district court of Lynn county in trespass to try title against Hamilton and his wife; that Mrs. Hamilton filed a cross-action praying for the title and possession of the land because of the fact that she was the owner of certain vendor's lien notes against the property which were superior to Shoemaker's title, and on the 23d day of February, 1932, the court rendered judgment against Shoemaker in favor of Mrs. Hamilton, decreeing that she recover the land and premises.

After finding the facts hereinbefore set out, the court further found as follows:

"The notes above described standing in the name of Linnie Mae Hamilton, were second lien notes and that said transfer was taken from said San Antonio Joint Stock Land Bank to said Roy Riddel by the First National Bank of O'Donnell, Texas, in order to extend and keep alive said lien.

"My conclusions of law in this case are that there was no merger herein and that plaintiff is entitled to the personal judgment and foreclosure of lien so sought by him."

Upon the issue of merger, the appellants insist that because on February 8, 1932, the bank of O'Donnell was the real owner of the land, although the legal title was vested in Shoemaker and on said date became the owner of the third installment of debt due the land bank with the lien thereon, although the legal title thereto was taken in the name of Riddel, the ownership of the two estates merged and the lien was extinguished.

We do not so understand the law.

"There must be two valid estates existing in the same right in the same party before the law will effect a merger, and, if one is void, the rule does not apply. Holloman v. White, 41 Tex. 52." Huselby v. Allison (Tex. Civ. App.) 25 S.W.(2d) 1108, 1113.

The record shows, and the court so found, that, while the bank bought the land at execution sale, taking the title in the name of Shoemaker, his title proved to be worthless in the subsequent suit, and the bank lost the land.

As said in the Huselby Case, supra: "Merger of estates, as a general rule of the common law, is not favored in equity and will not be decreed in the absence of a showing of intention. * * * If from all the circumstances a merger would be disastrous to the party holding both estates, then his intention that it should not result will be presumed."

The court's finding quoted last above to the effect that the O'Donnell bank took the evidence of indebtedness, together with the lien, from the San Antonio land bank in the name of Roy Riddel, evidences an intention to extend and keep the lien alive, is supported by sufficient evidence.

The appellants further contend that, because Riddel alleged that he was the owner of the debt and lien obtained from the San Antonio land bank, and it is the basis of his suit, he was not entitled to recover, since the proof was that the note and lien was, in fact, the property of the O'Donnell bank, which was a stranger to the suit.

The written transfer is made to Riddel as "being the legal owner and holder of said installment and the lien securing the payment thereof." As such legal owner and holder, although the bank may have been the equitable owner of the chose in action, Riddel had the right to maintain the suit and prosecute the same to judgment in his own name. While the bank may have been a proper party to the suit, it was not a necessary party, and the appellants, having failed to interplead it, cannot complain in this court.

It is not denied that Riddel holds the legal title to the debt sued on.

It is said in El Paso Townsite Co. v. Watts (Tex. Civ. App.) 227 S. W. 709, 711: "It has been the uniform holding in this state since Judge Lipscomb wrote the opinion in Thompson v. Cartwright, 1 Tex. 87, 46 Am. Dec. 95, and, conceding for the purpose of answering the argument that plaintiff is not the real owner and holder of the note, such naked fact would not be matter of defense, either in bar or in abatement. As said in that case, quoting from Chancellor Walworth's opinion in Garr v. Gomez, 9 Wend. (N. Y.) 653: 'It * * * frequently happens that a person is the lawful holder of negotiable paper as the mere naked trustee of another and for the purpose of collecting the same in his own name for the benefit of the real owner and if a suit * * *. is brought in the name of such holder, the defendant cannot object that the plaintiff is not the real owner.'" See, also, Nickels v. Gilmore .(Tex. Civ. App.) 293 S. W. 884, and authorities cited; Fowler Commission Co. v. Charles Land & Co. (Tex. Com. App.) 248 S. W. 314.

The judgment is affirmed.