## SMITH v. AL PARKER SECURITIES CO.
### No. 9333.

Court of Civil Appeals of Texas. San Antonio.

April 18, 1934.

Rehearing Denied Oct. 3, 1934.

A. J. Rabel and Arthur A. Klein, both of Harlingen, for plaintiff in error.

Carter & Stiernberg, of Harlingen, for defendant in error.

FLY, Chief Justice.

This is a suit filed by plaintiff in error, A. C. Smith, against defendant in error, Al Parker Securities Company, to recover damages alleged to have accrued by reason of the negligence of Walter Bode who, while on his way to the ranch of defendant, discovering the wife of plaintiff in error with her children in a Ford sedan stalled on the highway, offered to and did attach the car which he was driving and which belonged to defendant in error by a chain to the stalled car, with the intention to carry it to the ranch, which was the destination of Mrs. Smith and the children. In his progress towards the ranch, Bode driving at the alleged rate of forty-five miles per hour, through his negligence caused the overturning and destruction of the Ford sedan, and this suit was instituted to recover the value of the Ford sedan.

The allegations of the petition show that Bode was acting under the orders of defendant in error at the time to proceed with the pay roll for its employees on the ranch and to carry certain orders to such employees. The allegations show that Bode was anxious to reach the ranch in order to convey the orders to the employees as soon as practicable. He was acquainted with Mrs. Smith, and prompted by kindness to her he endeavored to carry her car to the ranch, where she wanted to go. It was alleged that the Ford sedan was attached to the car driven by Bode over the protest of Mrs. Smith.

A general demurrer was sustained to plaintiff in error's petition, and the only point that arises in the case is: Was Bode acting within the scope of his employment when he turned from his trip to the ranch in order to assist Mrs. Smith on her journey to the ranch?

The allegations show that Bode was employed by defendant in error at the time to convey its car with the pay roll due to its employees and to communicate certain orders of defendant in error to said employees as expeditiously as possible. This was his clearly defined task, and the question arises:. Was it within the scope of his employment to turn aside from his journey in order to perform the Good Samaritan act in order to haul the disabled car to the ranch on which the occupants resided?

It is the contention of plaintiff in error that: "That on or before the 2nd of July, 1932, defendant had in its employ and still has, one Walter Bode, who on the 2nd day of July, 1932, had exclusive use and was charged with full care, control, and management of defendant's Chevrolet Coupe; that said agent operated said Chevrolet Coupe in the furtherance of his master's business * * * that on said day, Walter Bode was field manager of the defendant corporation, and at this time * * * the said Walter Bode was acting within the scope of his employment and in the furtherance of his master's business in the following particulars: That early in the day of July 2, 1932, Bode had been given the pay roll, or part of it, of the defendant corporation to deliver to the Buena Vista Ranch to distribute among employees on the said ranch; also the said Bode was given some of the defendant's orders to distribute to employees on the said ranch, and that said Walter Bode was very anxious to get to the ranch to deliver said orders to the employees; that the Buena Vista Ranch was the destination of the said Bode and at all times he continued in the direction of said ranch, and in the furtherance of the said defendant corporation's business; further, that said officers and officials of the said corporation have always been friendly to plaintiff and ready to assist him and his family, that they have previously, on several occasions assisted him and his fam-

ily, and would have consented to the said Walter Bode assisting in towing plaintiff's car to the Buena Vista Ranch. * * * That Bode did not detour or deviate from the most direct route to the Buena Vista Ranch, but continued at all times while towing the plaintiff's Ford Sedan in the easterly direction toward said ranch."

It is true, as asserted by plaintiff, that Bode did not turn aside from his journey after having "hooked onto" the Ford sedan, but went on his way toward the ranch carrying the pay roll which defendant owed its employees, and it is not the claim of defendant that he did not continue his journey, but it contends that he turned aside from his employment when he stopped and assumed the burden of conveying the Ford sedan with its occupants to the ranch. The servant undoubtedly acted without the knowledge or consent of the master, and a surmise or hypothesis that defendant would have consented to the action of the servant in regard to the sedan does not change the fact that his action in regard to the stalled car was outside of and beyond the scope of his employment and was not contemplated by defendant when it ordered him to take the pay roll and orders to its employees on its ranch. It was undoubtedly a humanitarian act on the part of Bode, but he was not employed to carry out such acts; he was employed to go to the ranch with the pay roll. The fact that his act was one of kindness and intended to help a person in distress cannot change the status that he occupied at the time of his leaving the cause of his employment to help another, and it is as much a turning aside from the scope of his employment as though he had stopped for the purpose of performing an act which was unlawful and not intended to assist any one. The master cannot be made liable for damages resulting from attempted charity on the part of its servants. Not only did Bode fail to receive any thanks for his attempted act of kindness, but his employer has been drawn into court to be held liable for damages resulting from such act of kindness.

It is undoubtedly true that the master is liable for acts of negligence on the part of the servant while operating an automobile within the scope of the employment of the servant, but no authority has been offered to uphold the proposition that a servant carrying the pay roll of his employer in an automobile to its destination at a ranch can leave the line of his employment and assume for the master the burden of dragging a disabled car along the highway to the ranch.

We are of the opinion that the general demurrer was properly sustained, and the judgment will be affirmed.