P. O. WOOD, Appellant,

v.

O. P. MULLINS et ux., Appellees.

No. 12870.

Court of Civil Appeals of Texas.

Galveston.

July 21, 1955.

Rehearing Denied Oct. 6, 1955.

Fulbright, Crooker, Freeman, Bates & Jaworski, Kraft W. Eidman and L. S. Carsey, Houston, for appellant.

Hill, Brown, Kronzer & Abraham, John L. Hill and W. James Kronzer, Houston, for appellees.

HAMBLEN, Chief Justice.

The following statement of the nature and result of this case, which appellees agree is correct, is taken from appellant's brief.

This is a suit brought by appellees, O. P. Mullins and wife, against appellant, P. O. Wood, and his employer, Texas Gulf Producing Company, Inc., to recover damages for personal injuries alleged to have been sustained by appellees in a collision between the appellees' automobile and one owned by Texas Gulf Producing Company, Inc., and being driven at the time by appellant Wood.

The collision occurred in Chambers County and appellant is a resident of that county. Texas Gulf Producing Company, Inc., has its principal office in Harris County. Suit was brought in Harris County.

Plaintiffs' original petition alleged various acts of negligence on the part of appellant in the operation of the automobile which was in collision with that of appellees. The sole basis for recovery pleaded against the employer, Texas Gulf Producing Company, Inc., was an allegation that appellant Wood was acting in the course and scope of his employment at the time of the collision.

Appellant seasonably filed his plea of privilege to be sued in Chambers County, the county in which he resides and in which the collision occurred. Appellees controverted the plea of privilege, asserting venue to be properly laid against appellant in Harris County by virtue of Subdivision 4 of Article 1995, Vernon's Ann.Tex.St. Hearing on the plea was to the court without a jury. The plea of privilege was overruled and from such ruling appellant brings this appeal.

At all times material to this appeal appellant Wood was employed by defendant Texas Gulf Producing Company, Inc., as a division superintendent at Mont Belview in Chambers County, Texas. Appellant resided in Mont Belview.

Appellant's duties as a division superintendent included overseeing the various properties of the employer in his division and general supervision of approximately 150 employees in the territory. The job of division superintendent is such that he is "on call" twenty-four hours a day. As division superintendent, appellant was furnished a car by his employer to use in driving to and from various well sites and locations on the employer's properties.

The accident made the basis of this suit occurred on May 28, 1954, at approximately 6:55 p. m. At about 4:30 appellant had left the division office and gone home. He changed clothes and put on a pair of "sneakers" to get comfortable. A little while later, he decided to go down to one of the Texas Gulf wells to check on a load of casing which was to have been delivered that afternoon. The well, known as "3-F", was being drilled for Texas Gulf Producing Company by an independent drilling contractor. The casing being delivered was hauled by Younger Bros. Truck Line on its trucks under a lump sum hauling contract.

When appellant arrived at the well site, the Younger Bros. crews were just completing the unloading of the casing and were pulling the trailers up onto the tractors, getting ready to leave. He saw that the casing had been stacked, but he stayed around until the trucks were about ready to leave. While he was there, the "pusher" for the Younger Bros. trucks asked appellant how to get to the Crosby Road, or asked him for the best way to get back to the Crosby Road. Appellant gave him directions on how to get over to the Crosby Road by taking the old county road.

Having satisfied himself as to the stacking of the casing, appellant started driving back to his home, taking the same route he had traveled in coming to the well. He had returned almost to his house—in fact had gotten to the cattleguard located at the edge of the property on which his house stood, when it suddenly occurred to him that recent rains might have softened the road over which he had directed the trucks.

and that there was a possibility that they would run into trouble.

Appellant turned his car around at the cattleguard and drove back to the well. Finding that all of the Younger Bros. trucks had already left, he continued on past the well to Highway 146 in the hope of overtaking the trucks.

Appellant drove down Highway 146 a short distance. In attempting to turn off of the highway at its intersection with Williams Road he was involved in the collision which resulted in this lawsuit by appellees.

The litigants are likewise in agreement that the sole question to be determined is whether sufficient evidence was introduced in the trial court to support the implied finding that P. O. Wood was acting within the scope of his employment for Texas Gulf Producing Company, Inc., his employer, at the time of his collision with appellees' vehicle, appellant's point of error being to, the effect that the undisputed evidence shows conclusively that he was not so acting, but had deviated or turned aside to perform a good Samaritan act, and therefore no cause of action against the resident defendant was proved so as to maintain venue against appellant in Harris County under Subdivision 4 of Article 1995.

While not free of doubt, we are of the opinion, after carefully considering the authorities cited by the litigants in support of their respective contentions, that appellant's point is well taken, and that the judgment of the trial court must be reversed.

■ It appears to be well established that where the servant actually turns away from the master's business and changes the course of a vehicle, unmistakably appropriating the vehicle for a use unrelated to the master's interest, and for the exclusive purpose of aiding a third person in distress, such a deviation amounts to a temporary leaving of the scope of employment, and the immediate and succeeding acts are not chargeable to the master. Bragg v. Hughes, Tex.Civ.App., 53 S.W.2d 151; Smith v. Al Parker Securities Co., Tex. Civ.App., 74 S.W.2d 687.

■ As we view it, under the agreed facts here presented, there existed no relationship between appellant's employment by Texas Gulf Producing Company, Inc., and appellant's actions in undertaking to assist the driver of Younger Bros. truck. The truck driver's inquiry as to the shortest route to Crosby Road was addressed to appellant as an individual, not as an employee of Texas Gulf Producing Company, Inc. The information elicited by such inquiry, regardless of its benefit to the truck driver, or to his employer, in no manner benefited appellant's employer. Appellant's action in undertaking to intercept the truck driver, upon realization that he may have mis-directed him, could have been motivated only by his own humanitarian instinct and desire to prevent inconvenience to a fellow man. In engaging in this undertaking, commendable as it might be, he was not acting in furtherance of the interest of his employer in the business in which he was employed to serve. Any interest which appellant's employer may have had in the course or route followed by the delivery trucks, which was at no time more than an indirect interest, was terminated when the material to be used at the well site had been unloaded. All of the events giving rise to this litigation occurred after that time.

■ Appellees base their contention that appellant was acting within the scope of his employment upon the proposition that appellant, being vested by his employer with wide discretion in the performance of his duties, would be expected by such employer to render the assistance which he here undertook to render, because in doing so he would create good will inuring to the employer's benefit. In support of this contention appellees rely for precedential support principally upon the case of Wilhoit v. Iverson Tool Co., Tex.Civ.App., 119 S.W. 2d 709. That case is distinguishable from this, in that there the employee was a salesman of the employer's products, and the persons whose good will he was soliciting were past and future prospective purchasers of such products. It was shown that the activities in which the employee was engaged were such as he customarily and regularly undertook for the accomplishment

of the very purpose of his employment, namely, to effect sales of his employer's merchandise. No such relationship exists in the present case. If the rationale of the decision of Wilhoit v. Iverson Tool Co., supra, can be extended in its application to a fact situation such as is here involved, then it would seeem that any discretionary employee, in any private or personal undertaking, would be acting within the scope of his employment, provided the undertaking be one which reflected credit upon the employee, and therefore indirectly upon the employer. We have been cited to no authority for such proposition, and do not consider it to be the law in Texas. We are of the opinion that the judgment of the trial court must be reversed and the cause remanded with instructions to sustain the plea of privilege of the appellant, and transfer the venue of this cause as between appellant and appellees to the District Court of Chambers County. It is so ordered.

Reversed and remanded, with instructions.

GRAVES, Justice.

I dissent, believing that the trial court's judgment was correct and should have been affirmed.